Porter, J.
delivered the opinion of the court. The plaintiff avers, that the defendant executed an obligation in his favour for $400, and transferred to him, by endorsement, two promissory notes of one John Woods for $200 each. The petition neither states a demand on Woods, his refusal to pay, or notice to the appellant; but, on the allegations just stated, prays judgment.
The answer, besides a general denial, contained the following pleas:—
*178 That if the money had not been received from Woods, it was through the fault of the plaintiff.
That the notes were transferred as cash.
And that the negro slave received, in consideration of them, was afflicted with redhibitory defects.
There was judgment for the plaintiff, and the defendant appealed.
The last ground of defence set up in the answer, was abandoned in argument; and it has been admitted, that the plaintiff is entitled to judgment on account of the obligation executed by the defendant.
From the statement of facts it appears, that one of the notes, made by Woods, was transpired six months after it became due, and that the term of payment of the other had not expired.
At the trial the plaintiff wrote over the endorsement, which was in blank, as follows:— “ I will pay to Samuel Hill the amount of this note, if not paid when demanded by him, to whom I assign this note.”
It was proved by the testimony of Mills, that the plaintiff left in his possession the two notes drawn by Woods, whom he notified of *179 the transfer, and that he should shortly call on him for the amount. That some time after, about the 22d or 23d of December, 1820, he demanded payment, which was refused; and that in the month of April, 1821, he notified the defendant of this demand and refusal. The notes had been transferred in June, 1820.
On these facts the plaintiff contends, the judgment of the court below should be confirmed. Because,
1. The endorsement on the back of the note shows a special obligation, which makes the appellant responsible.
2. There was not any laches either in making demand of payment, or in giving notice.
3. If there was, he has shown the defendant was not injured by it.
I. Conceding that the obligation, inserted over the name of the plaintiff, takes the case of the general rule, and increases the responsibility which would have resulted from an endorsement in the common mode, it becomes necessary to ascertain if the appellee had a right to make it.
To show that he was authorized to do so, he has cited a decision given in one of our *180 sister states, where it was held, that on an assignment in blank, of paper not negotiable, it was lawful for the assignee to write over it an unconditional obligation in his favour for the amount specified in the instrument. 3 Massachusetts Rep. 274.
We are unable to gather from the report the principle on which this decision was made; and, at all events, we cannot consent to apply such a rule to the case now before us. Bills of exchange and promissory notes are governed by laws peculiar to themselves, which have grown out of the usages and customs of commercial nations. The negotiability of these instruments is highly conducive to the ease and increase of trade; and as the principles by which they are now regulated, eminently promote that end, it is of importance they should be strictly pursued. The endorser of an accepted bill of exchange, or promissory note, enters into a conditional contract that if the acceptor, or maker, does not comply with his obligation at the time promised by him, he will, on being duly notified according to law, discharge it—Chitty on Bills (edit. 1809) 312. This endorsement may be made in blank, and it is the most *181 usual mode. Admitting that the mere writing the name of the payee on the back, does not transfer his interest and property in the bill, (though the contrary has been decided in this court—4 Martin, 662, 9 id. 469)—that, by the law merchant, something more is necessary to make it complete, and may be inserted by the person into whose hands it shall come; that right to complete the endorsement cannot be construed to confer a power different from what the parties contemplated. It is an universal principle, that contracts must be presumed to be entered into with relation to the laws that govern them, in reference to their subject matters; and that they should be so construed, by courts of justice, as to carry into effect the views and intentions of the parties. Chitty on Bills, (edit. 1809) 77— Civ. Code, 270, arts. 56, 63.
Until the contrary is shown, we are bound, therefore, to presume, that the endorsement, in this case, was made in reference to the lex mercatoria, which authorizes the holder to fill up the endorsement by making it payable to himself—Chitty on Bills, (edit. 1809) 103. We can find no case, except that cited by counsel, which declares that the endorsement may be *182 written out in such a manner, as to discharge the endorsee from the necessity of due diligence; and it would destroy all confidence in commercial transactions of this kind, if such a doctrine received our sanction.
II. and III. The plaintiffs read from Chitty, 151. to show that, when the endorser was not injured by want of notice, the laches to give it was cured. This rule is stated in a note to the edition of 1809, but it is not law. It is true, the drawer of a bill of exchange, who has no effects in the hands of the drawee, has not a right to require notice in case acceptance is refused. This, however, is an exception to the general principle, and it has been doubted if it should not be given even in such a case on non-payment. Be that as it may, it is very clear that the endorser of a promissory note is entitled to strict notice; it was so held by the supreme court of the United States, after a very full examination of all those cases which, at one time, seemed to have a tendency to introduce the doctrine, that, if the party was not prejudiced by want of notice, he could not require it. 4 Cranch 154,—2 Phillips’ Ev. 37—3 John. Ca. 7.
In the case before us, the note negotiated in *183 June, which fell due on the 15th December following, was not demanded in payment until the 22d or 23d of that month, and the endorser was not notified before the month of April then ensuing. This, in our opinion, is not sufficient; the condition on which the endorser becomes liable is, that payment should be demanded in a reasonable time, and notice given of the refusal without delay. 11 Martin, 452.
As it respects the note, which was endorsed after it became due, we have come to the same conclusion. The transfer necessarily implied, that the plaintiff undertook to demand payment; and, if that payment was refused, to give notice to the defendant. That demand and notice must be within the period already fixed by law. If we were to relax the rule in this case, we must do it in others; and thus introduce uncertainty and confusion in a subject where it is highly advantageous to the public there should be neither. The act of endorsing a bill is similar to that of drawing—Chitty on Bills, 117; and the obligation thus created, the same. It is said in a late work of great authority on the subjects of which it treats, “ that a note, when it has been endorsed *184 and transferred, is exactly similar to a bill of exchange; it is an order by the endorser on the maker to pay the endorsee, which is the very definition of a bill: the endorser is the drawer, the maker of the note the acceptor, and the endorsee the person to whom it is made payable”—2 Phillips’ Evidence, 10, 17. The supreme courts of Connecticut, New-York, and the United States, have all recognised this analogy—2 Conn. 419—9 Johnson, 121—4 Cranch, 154. If the bill thus endorsed is due, it is equivalent to drawing at sight. The length of time that the funds are in the drawer’s hands, (whether established by a note, of which the term of payment is expired, or by other evidence,) cannot affect the obligation which the endorsee contracts to give notice in case be is not paid.
Where a note was passed five years after it became due, it was held, that notice must be given as in an ordinary case; that the law merchant made no distinction; that it was equivalent to drawing a new bill—9 Johnson, 121; and so it has been decided in a similar case 2 Conn. 419.
We think that there was such laches in the plaintiff holding this bill, from June to *185 the month of April following, as have discharged the defendant from the responsibility created by his endorsement.
Brent for the plaintiff, Baker for the defendant.
If we were to consider the transaction as one not commercial, the plaintiff's claim would be still less supported; it would then be governed by that article in the code which provides, that he who sells and transfers a debt, warrants its existence, but does not guarantee the solvency of the debtor, Civil Code. 368. art. 126.
It is therefore ordered adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of four hundred dollars, with interest at ten per cent. from the 26th June, 1820, until paid, with costs in the district court, and that the appellee pay the costs in this.