CHARLES AUBERT *v*. ABNER ROBINSON.

If execution be issued after a suspensive appeal, the Judge of the inferior court may grant an injunction to prevent a sale. *Per Curiam.* This is not to interfere with the judgment appealed from, but to insure to the appellant the benefit of his appeal.

An appeal from an order of seizure and sale will be suspensive, if taken within ten days, Sundays not included, from the notice of judgment to the party cast. C. P. 575.

APPEAL from the District Court of Lafourche Interior, *Nicholls*, J.

*M. Taylor*, for the plaintiff. An appeal lies from an order of seizure and sale (12 Mart. ——. 3 Ib. N. S. 498. 3 La. 316 ;) and is suspensive, if taken within ten days. Code of Pract. art. 575.

*J. C. Beatty*, for the appellant. The court, *a qua*, has no power to decide whether an appeal be suspensive, or not. *City Bank* v. *Walden*, 19 La. 172. *Lartigue* v. *Peet*, Ib. 174, 178. An appeal from an order of seizure and sale is not suspensive, if taken after three days. Code of Pract. art. 735.

MARTIN, J. On an allegation that he had obtained a suspensive appeal from an order of seizure and sale, illegally issued against him at the petition of the defendant, notwithstanding which the latter had directed the Sheriff to proceed to the sale of the mortgaged premises although a sufficient bond had been in due time filed, the plaintiff obtained an injunction to stop the sale. See the case of *Robinson* v. *Aubert*, just decided. The defendant prayed for a dissolution of the injunction, on the grounds : *First*, That the court is without authority to stay proceedings in a case in which an appeal to the Supreme Court is pending. *Secondly*, That though the court have authority, the appeal taken by the present plaintiff is devolutive only, and not suspensive, no bond having been filed early enough to render the appeal suspensive. The injunction was made perpetual, and the defendant has appealed. His counsel contends, that the injunction was improperly granted ; that if the proceedings under the order of seizure and sale after the appeal was obtained, were irregular, the remedy was by a

Aubert v. Robinson.

writ of prohibition issued from this court, the inferior tribunal being without authority to decide on the character of the appeal; that the appeal was not suspensive; and that under the Code of Practice, art. 575, the appeal has the effect of suspending the execution, if taken within ten days, Sundays not included, subsequent to the notice of judgment given to the party cast, clearly referring to art. 624, where a ten days' notice is required before proceeding to the execution of a judgment; while art. 735 declares that it is permitted to proceed to execution under an order of seizure and sale, after three days notice.

The counsel for the appellee argues, " that an appeal lies from an order of seizure and sale, and is suspensive, if taken ten days after, exclusive of Sundays."

We have often sustained appeals from orders of seizure and sale, but we have never been called upon to determine, whether there be any difference between such appeals, and those from judgments contradictorily rendered in court, with regard to the number of days within which the suspensive appeal must be taken.

It appears to us, that the court did not err. If execution be issued after a suspensive appeal has been taken, the Judge, a quo, may well grant an injunction to prevent a sale; for this is not to interfere with the judgment appealed from, but to insure to the appellant the benefit of his appeal.

The first notice which the debtor had of the order of seizure and sale was, that which the Sheriff gave him after he received the writ. This appears to have been on the 18th of July. The appeal was granted on the 23d, and a sufficient bond to suspend the execution was given on the 25th, id est, seven days after the first official knowledge communicated to the debtor, of the grant of the order of seizure and sale.

*Judgment affirmed.*