## CONREY, Agent, &c. *v.* COPLAND, et al.

The defendants in the action are the only parties who can take advantage of any inaccuracy in setting forth the title of the case in a *fi. fa.* issued under the judgment; and their rights, in this respect, will be considered as waived, where they subsequently insist on a sale under the seizure and appraisement.

Where, after the appraisement of property seized under a *fi. fa.*, it is discovered that no adjudication can be made on the day for which the sale is advertized, it being a day of public rest, and the sheriff makes a second seizure of the property, advertizing it anew, no new appraisement can be made, where the defendants in execution insist on the sale being made under the first appraisement.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Schmidt,* for the plaintiff. *L. Peirce,* for the defendants. *H. A. Bullard,* for the appellant *Bach.* The judgment of the court was pronounced by

KING, J. *Parkhill* pledged a number of shares of bank stock, to secure the payment of a debt due by *Copland* to the plaintiff. The debt not having been paid at its maturity, a suit was instituted against the defendants, in which a judgment was rendered against *Copland* for the sum due, and the stock pledged was decreed to be sold in satisfaction of the demand. A *fieri facias* issued, under which the sheriff seized the stock pledged, and inadvertently advertized the sale to take place on good friday. Two days previous to that of the proposed sale the stock was appraised, by appraisers appointed by the parties redsectively, at $20,000. On the day appointed for the sale it was discovered that the adjudication could not be legally made, the day being one of rest. It was further discovered that the title of the suit was incorrectly set forth in the writ, as "*Peter Conrey, Agent, &c.* v. *Robert Copland.*" The plaintiff's attorney, thereupon, called on the clerk, and caused the writ to be amended, by adding to the title of the suit the name of *Charles C. Parkhill,* as a party defendant. The sheriff conceived it to be his duty, in consequence of this amendment, to recommence his proceedings. He accordingly made a second seizure of the same property, advertized it for sale, and notified the parties to appoint appraisers. The plaintiff appointed *Bach* as his appraiser, but the defendant declined naming one, and protested against a reappraisement, on the ground that the property seized had already been legally appraised. The sheriff thereupon appointed an appraiser for the defendants. *Bach* estimated the stock at $1,206; the appraiser appointed for the defendants valued it at $20,000. Being unable to agree, an umpire was chosen, who estimated it $13,920. At the sale the stock was adjudicated for $9,325 to *Conrey,* for the account of *John M. Bach,* who had previously estimated it at $1,206. The defendants thereupon took a rule on *Bach,* the plaintiff, and the sheriff, to show cause why the adju-

dication should not be set aside, on the ground that the second appraisement was illegal. The rule was made absolute, and *Bach* has appealed.

The district judge did not, in our opinion, err, in setting the adjudication aside.

It is not important to enquire whether the omission to set forth the title of the suit with absolute accuracy in the writ was a material defect, or whether the writ could have been legally amended after it had gone into the hands of the sheriff, and had been partially executed. The only parties before us who could have taken advantage of the alleged defect were the defendants, and they not only waived the informality, if it be one, by appointing an appraiser, but further gave their direct assent to the proceeding, by insisting that the sale should be made under the original seizure and appraisement, and by protesting against a reappraisement. They never could afterwards have been heard to controvert the regularity of proceedings, to which they had thus given their assent. Under this state of facts the second seizure and appraisement were both irregular; and it is manifest that the defendants have been prejudiced by the proceeding, as it led to an adjudication for a price much below that which the original appraisement would have authorized.     *Judgment affirmed.*