STATE
*v.*
JOHNSON ET AL.

---

LEGGET & BROTHERS *v.* H. L. POTTER.

Where a devolutive appeal has been taken, it is a waiver of the right to a suspensive appeal, and plaintiff may have execution before the lapse of ten days.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Elmore & King*, for plaintiffs and appellants. *Benjamin, Micou & Finny*, for defendant.

CAMPBELL, J. On the 1st of December, 1853, final judgment was rendered in favor of plaintiffs.

On the next day, defendant applied for and obtained a devolutive appeal.

The day following, (December 3d) plaintiffs issued execution.

On the 5th of the same month, defendant took a rule on plaintiffs to show cause why the execution should not be quashed, on the ground that it was prematurely issued, and the rule having been made absolute, plaintiffs appealed.

The question presented is, whether (the case being appealable) plaintiffs were warranted in issuing execution until after the expiration of ten days from the notification of judgment?

The act was manifestly irregular, unless by taking a devolutive appeal, defendant is to be regarded as having waived the delay. The object of the delay is, that the party against whom judgment has been rendered, may have time to consider whether or not he will take a suspensive appeal, and, in case he shall do so, to allow him a reasonable time to procure his security, and do such other acts as may be necessary. This reasonable time is ten days. It is for the benefit of the judgment debtor; but like any other privilege, may be waived; and this waiver, together with the waiver of a suspensive appeal, we think was virtually made, when defendant obtained his devolutive appeal. The appeal was granted and the appellee duly cited; and it is well settled, that by the fact of citation, the jurisdiction of the appellate court attaches, and that of the District Court is, except for certain special purposes, divested. See Hen. Dig. p. 73, verbo Appeal, vii, No. 8, and the authorities there cited. Nor could the appellant, under these circumstances, dismiss the appeal, without the consent of the appellee.

The conclusion to which we have arrived, is supported by the ruling of the court in *Hatch* v. *English*, 12 R. 136, in which it was held, that though a defendant, against whom a *fi. fa.* has issued, before notice of judgment, may have it quashed, and a suspensive appeal allowed; yet, if he contents himself with taking a devolutive appeal only, he cannot afterwards complain.

It is for these reasons, adjudged and decreed, that the judgment of the District court, be annulled and reversed; and that there be judgment in favor of the appellant, discharging the rule and reinstating the execution. The costs of both courts to be paid by appellee.