## SOWLE & WARD v. C. W. POLLARD & Co.—G. W. HELME, Defendant in rule.

The Art. C. P. (as amended) which requires a delay of ten days before an execution shall issue, in the first district, is in the interest of the defendant and for the purpose of protecting his right to a suspensive appeal. C. P. 624 ; Acts 1843, p. 40. This right he may at any time waive, and a valid execution may issue immediately. C. P 567. If he suffers the delay for a suspensive appeal to · expire, the premature issuance of an execution does not even give him the right to enjoin.

The appellees allowed interest in this case during the delay occasioned by the appeal.

APPEAL from the Third District Court of New Orleans, *Duvignaud*, J. *F. Perrin*, for plaintiffs. *H. H. Taylor*, for defendant in rule and appel-lant.

MERRICK, C. J. The controversy in this case grows out of a rule relative to the distribution of certain funds made upon sundry executions.

The plaintiffs and appellees held one of the executions issued on the *first* day of December, 1857, upon a judgment signed November 20th, 1857.

The appellant *G. W. Helme*, held two judgments, one signed the 20th and the other the 27th of November, 1857. On these he issued his executions, the one December 3d, 1857, and the other December 10th, 1857.

The funds in the hands of the Sheriff being sufficient to pay the two judgments rendered November 20th, 1857, the controversy is really between the plaintiffs and *G. W. Helme*, the appellant.

On the question whether the execution issued and levied on the 10th day of December, is not superior to that issued on plaintiffs' judgment and levied on the 1st day of December, 1857, two days before the delay for taking a suspensive appeal had expired, the appellant contends that one creditor cannot claim the benefit of a priority of seizure, unless he complies with the rules of practice relative to the issuing and execution of the writ, and that a party who violates the law, by issuing an execution before the delay has expired, ought not to derive any advantage from this attempt to obtain a preference over the other creditors ; privileges from seizures being *stricti juris*.

To this the plaintiffs and appellees reply, that the objection ought not to be listened to, as coming from the appellant; because he stood by and saw the property sold under this execution with others, and being a third party he cannot now question the regularity of the proceeding and take advantage of the inadvertence of the Clerk and the plaintiffs.

The Article of the Code of Practice, as amended, which requires a delay of ten days before an execution shall issue in the first district, is in the interest of the defendant, and for the purpose of protecting his right to a suspensive appeal. C. P. 624; Acts 1843, p. 40.

This right the defendant may at any time waive, and a valid execution may issue immediately. C. P. 567.

For this delay does not in any manner affect the public order, and as the defendant may voluntarily satisfy the judgment by payment, so also, it would seem, he may ratify an execution issued prematurely, by giving up property for seizure upon it, or voluntarily standing by and seeing the same sold under it. See *Conner* v. *Copeland*, 3 An. 452, 9 An. 309.

The premature issuing of execution is a mere irregularity, which the defendant may have corrected within the delay for, or after he has taken his suspensive appeal; but if he suffer the delay to expire, it does not then even give him a right to an injunction. *Dayton* v. *The Commercial Bank of Natchez*, 6 Rob. 20; *Morgan* v. *Whiteside, curator*, 14 L. R. 280. See also 1 Rob., 497; *Legget* v. *Potter*, 9 An., 309; *Hatch* v. *English*, 12 Rob. 136.

The execution was not, therefore, void, because issued before the delay had expired, but it became valid by the expiration of the delay, there being no attempt on the part of the defendant to correct the irregularity.

As the first execution of *G. W. Helme* is ordered to be paid in full, it is a matter of indifference to him whether it is ordered to be paid first or second in rank, and the question does not arise whether one creditor can gain an advantage by his premature seizure, over another creditor who has issued his execution and made his seizure upon a judgment bearing the same date, at the earliest day allowed by law for the same.

For in this case the plaintiffs' execution, if it had been delayed two days longer, would then have been seven days in advance of *G. W. Helme's* second execution. It must, therefore, be held to have acquired its validity at least concurrently with *G. W. Helme's* first execution and seizure, and to take precedence of the execution and seizure made seven days afterwards. The court did not, therefore, err in giving the first two executions preference over the second.

The appellees have prayed an amendment of the judgment in this case, so as to award them interest on their judgment pending the appeal.

As the delay has been occasioned by the appellant, the appellees seem entitled to the correction, and we will order the distribution as of this date, as between the appellant and appellees.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be so amended as to award to *Sowle & Ward* the sum of thirteen hundred and forty-two dollars out of the sum to be distributed, instead of $1210 21, and that the amount awarded *G. W. Helme* upon his execution in his cause, No. 11,941, be reduced from $1416 17 to $1284 37, and that the judgment so amended be affirmed; the appellant paying the costs of the appeal.

Voorhies, J., absent.