Regan vs. Washburn.

---

## No. 9934.

### MRS. WALTER REGAN VS. W. W. WASHBURN.

All final judgments rendered by the Supreme Court are liable to be revised on application for a rehearing, made within the delay prescribed by law.

The rule applies to judgments making a final disposition of applications for mandamus, certiorari and other remedial writs. State ex rel. Gerson vs. Judge, 37 Ann. 261, affirmed.

Hence, a final judgment disposing of an application for a *certiorari* is not executory before the expiration of six judicial days, or before a final disposition of an application for a rehearing in the case.

Regan vs. Washburn.

But this rule cannot be construed as an absolute prohibition on the party in whose favor the judgment has been rendered in the Supreme Court from proceeding to an execution thereof before the expiration of legal delay.

A premature execution of such a judgment is a mere irregularity which may be corrected by an application for rehearing timely made, and which becomes valid after the expiration of the delay. And for having recourse to such an execution the party cannot be held responsible in damages.

APPEAL from the Civil District Court, for the Parish Orleans. *Rightor*, J.

*Frank Michinard & Horace L. Dufour,* for Plaintiff and Appellant.

*Horace E. Upton,* for Defendant and Appellee :

1. This court will not issue the writs of prohibition and *certiorari* to inferior judges in cases in which they have exercised their legal authority and discretion. Previous decisions affirmed. 33 Ann. 378, 794, 1284, 1356. Writ of *certiorari* refused by this court on the ground that, under the supervisory power granted by article 90 of the Constitution, it cannot pass upon the correctness of the judgment of an inferior court, in an unappealable case, when said judgment appears to have been legally rendered. 33 Ann. 378.

2. Art. 911 C. P. having reference to applications for a rehearing, has been construed as not applying to the writ of *certiorari* issued from this court, under Art. 90 of the Constitution, to revise the proceedings of inferior courts in cases where no appeal lies. That article of the Code of Practice could not embrace such cases, for they were not in exist ence at the adoption of that Code. The effect of the remedy granted in *certiorari* cases is the same as in *habeas corpus* cases. The judgment on its rendition becomes immediately executory in such cases. State ex rel. DeBuys vs. Judges Civil District Court, 32 Ann. 1263 and 1264.

3. In an application for a writ of *certiorari*, the record of the proceedings below makes full proof of itself, and is conclusive if not assailed and proven to be incorrect and untrue. The unsupported affidavit of the relator, of facts and proceedings, when contradicted by counter affidavits, and negatived by the record, cannot avail the applicant. State of Louisiana ex rel. Mr. and Mrs. Walter Regan vs. Judge of the First City Court of New-Orleans, 36 Ann. 977. In 18 Ann. 113, a mandamus case, the court refused to entertain an application for a rehearing, and in 21 Ann. 50, in a proceeding for a prohibition, also refused to entertain an application for a rehearing. Such was the law at the date the writ of *certiorari* was denied by this court in case just cited. State ex rel. Regan vs. Judge First City Court, 36 Ann. 977.

4. The judgment of a justice's court ejecting the occupant of a house under the laws of landlord and tenant, charged to be null and void in an action of damages for wrongful ejectment, cannot be inquired into collaterally, if regular in form and valid on its face. Huyghe vs. Brinkman, 34 Ann. 831. Same authority, p. 833, the court adds : "As the judgment under which plaintiff was expelled is final and valid on its face, and as she does not claim title or ownership to the property from which she was ejected, we are at a loss to conceive upon what grounds she can recover damages in this suit."

5. The premature issuing of execution is a mere irregularity, which the defendant may have corrected within the delay for, or after he has taken his suspensive appeal ; but if he suffer the delay to expire, it does not then even give him the right to an injunction. Dayton vs. Commercial Bank of Natchez, 6 Rob. 20 ; Morgan vs. Whiteside, curator, 14 L. R. 280. See, also, 1 Rob. 497; Leggett vs. Potter, 9 Ann. 309; Hatch vs. English, 12 Rob. 136. The execution of a judgment is not void because issued before the delay had expired, but becomes valid by the expiration of the delay, there being no attempt on

Regan vs. Washburn.

the part of the defendant to correct the irregularity. Sowle vs. Pollard, 14 Ann. 287, and authorities cited.

6. A rehearing can be asked and allowed only where the court has erred. Bacas vs. Smith, 33 Ann. 141. Where there is no such error, the rehearing must be refused. 33 Ann. 588.

The opinion of the Court was delivered by

POCHÉ, J. This is a suit for damages for an alleged wrongful eject- ment of a tenant by the owner of the premises.

It is brought by plaintiff in her own right and in behalf of her minor children, and it is based on the following facts and incidents:

Previous to his death, Walter Regan and his family occupied cer- tain premises in this city, owned by the defendant Washburn; and in November, 1884, he was made a defendant in ejectment proceedings, instituted by Washburn in one of the city courts, in which judgment was rendered in favor of Washburn, ordering the ejectment of Regan from the premises.

Complaint was then made in an application for a writ of *certiorari* in this court, by Regan and his wife, of the irregularity and illegality of the judgment rendered against them, on the ground that the trial had taken place in their absence, and without legal notice of such trial on them.

The proceedings thus assailed were sustained by the judgment of this court, which was rendered on the 15th of December, 1884.

Now, it appears, that on the next day, Washburn proceeded to exe- cute the judgment rendered in his favor by the city court, by ejecting Regan and his family from his premises.

This act, perpetrated before the expiration of the six judicial days allowed by law for an application for rehearing of final judgments rendered by this court, is made the basis of the damages claimed against the defendant Washburn, in the sum of $2450.

Among other defenses, Washburn interposed an exception of no cause of action and of *res adjudicata*, and the present appeal is taken from a judgment sustaining that exception and dismissing plaintiff's action.

The issue presented to us for review involves two questions of law:

1st. Was the judgment rendered by this court in the *certiorari* pro- ceedings executory before the expiration of six judicial days?

2d. Can a party be held responsible in damages for a premature execution of a judgment rendered in his favor?

1. Defendant's proposition that a judgment of this court on an ap- plication for a writ of *certiorari* is executory on its rendition, and be- fore the expiration of the delay within which a rehearing may be ap-

68

plied for in other cases, is not sustained by our jurisprudence as at presence established.

' Two decisions of this court which tended to favor the rule that judgments of this tribunal rendered on applications for mandamus, prohibition and other remedial writs, were not open to further discussion by applications for rehearing have been formally overruled, as sanctioned by no law. The State vs. Judge, 18 Ann. 113; The State ex rel. Gausson vs. Judge, 21 Ann. 50.

The question came up before our immediate predecessors in the case of the State ex rel. Newman vs. Judge, 32 Ann. 210, in which it was disposed of in the following language : " But we do not concede that a judgment on a mandamus is such a decree as to become final on its rendition. That it is a final judgment has been determined. The mere fact that the proceeding is summary does not make the judgment in which the proceedings culminated a summary docket.

In the absence of positive provision of law we would be without authority for treating a final judgment rendered in a mandamus proceeding differently from other final judgments."

The same rules were entertained and enforced by the present bench in the case of the State ex rel. Gerson vs. Judge, 37 Ann. 261. In that case the previous adjudications, now invoked by defendant, were reviewed, and were in terms and in fact recalled and obliterated. We therein formulated the rule as follows : 

" Judgments rendered by this court on the merits of petitions for writs of *mandamus, prohibtion* and the like are as much *final* judgments as any which it can render, and are therefore revisable on applications for a rehearing, seasonably and properly made."

Adhering to that rule, which flows from the text of the law itself (C. P., Art. 911), we hold that the judgment rendered by this court on December 15, 1884, in the matter entitled "The State ex rel. Regan vs. Judge of the First City Court of New Orleans, was not executory on its rendition, and before the expiration of six judicial days.

2. But conceding, as the record shows, that the ejectment of Regan and family on the 16th of December, 1884, was a premature and irregular proceeding, is Washburn legally responsible in damages therefor?

To all practical intents and purposes the proposition of law involved in that question is precisely similar to the discussion of the legal consequences of the premature execution of a judgment rendered by a district court.

The only impediment to the execution of the judgment rendered by the city court in favor of Washburn, and authorizing the ejectment of

Regan and his wife from the former's premises, was the preliminary writ of *certiorari* emanating from this court. That impediment was removed by our final judgment, which did away with the effect of the writ. Hence, the judgment complained of revived in all its legal bearings and effects, except in so far as its executory condition depended upon the delay within which our own judgment could have been revised on an application for rehearing.

This is exactly the condition with all appealable judgments rendered by district courts, under the provisions of article 624 of the Code of Practice, which in terms, restricts the right of execution of such judgments within a delay of ten days from the rendition of the judgment or from notification thereof on the party cast.

In the latter case, by an appeal taken within the prescribed delay by the party cast, the execution of the judgment is suspended until the final determination of the cause.

· In the case of a final judgment rendered by this court, the party cast may suspend or retard the effect of our decree by an application for a rehearing seasonably made, until the final disposition of his application.

But in both cases the evident object of the law is the same; it is to secure to the party cast a delay within which he may call for a review or a revisal of the judgment or of the decree rendered against him.

But nothing in either provision of the law can be construed as an absolute prohibition against the right of the party, in whose favor the judgment in either case has been rendered, to take the risk of a premature execution of his judgment.

In reference to judgments rendered by district courts our jurisprudence has settled the rule adversely to such a prohibition, and legal effect has uniformly been given to the execution of judgments pending the delays within which a suspensive appeal could have been taken therefrom, and when no such appeal had been taken.

From numerous adjudications on this subject we cull the following rule:

"The object of article 624 C. P.  *  *  is to protect defendant's right to a suspensive appeal by granting him a certain delay, the right to which being in his interest, and not affecting public order, he may waive.  C. P. 567.

"If execution issue prematurely, it is a mere irregularity to be corrected within the delay for a suspensive appeal or after it is taken, but insufficient, if not so corrected, to authorize an injunction, or impair the execution which becomes valid after the expiration of the de-

lay." LeBarre vs. Dunbar, 10 Martin 182; Morgan vs. Whiteside's curator, 14 La. R. 280; Hatch vs. City Bank, 1 Rob. 497; Hatch et al. vs. English, et al., 12 Rob. 136; Leggett vs. Potter, 9 Ann. 309; Sowle vs. Powell, 14 Ann. 287.

Applying the rule to the case in hand, we find from the record, that no attempt or effort was made by Regan and wife to obtain a revisal of our decree which set the judgment of the city court in motion, and hence the conclusion is not only warranted, but it is inevitable that the execution of the judgment by Washburn, although premature and irregular, became valid after the expiration of the delay within which our judgment could have been revised on an application for rehearing seasonably made. It thus follows that the irregularity of the execution of the judgment was cured by the silence and want of action of the parties cast therein, and no damages can flow from a valid execution of a final judgment.

It is true that the reported cases in which the rule has been uniformly enforced presented moneyed judgments, but surely, the right of the owner of an immovable to recover possession of premises illegally occupied by a recalcitrant tenant is not less entitled to the protection of the law than the right of a creditor to judicially recover money which is due to him.

These considerations lead to the conclusion that the district judge committed no error in sustaining the exception of no cause of action.

Judgment affirmed.