## No. 13,341.

### THE STATE OF LOUISIANA VS. LOUISIANA DEBENTURE COMPANY, LIMITED.

### SYLLABUS.

The appellant having failed to file the transcript on the return day, or within the three judicial days thereafter, the law leaves the court no alternative. The appeal must be dismissed. The failure to file the transcript has

always been taken as an abandonment of the appeal. C. P., 589; Sterling vs. Heirs of Sterling, 35th Ann., 840; Archer vs. Gonsoulin, 46th Ann., 144.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.,* acting for *Theard, J.,* absent.

*Milton J. Cunningham,* Attorney General, (*Frank E. Rainold,* and *Stifft & Madison,* of Counsel) for Plaintiff, Appellant.

*E. Howard McCaleb* for George W. Nott, Receiver, Appellee.

The opinion of the court was delivered by

BREAUX, J. George W. Nott, Receiver of the Louisiana Debenture Company, Limited, representing that the appeal was not made returnable to this court within ten days prescribed by law, that the return day of the appeal was not made in conformity to law, and that that fact is attributable to appellant, and lastly that the transcript of appeal was filed in this court more than three days after the return day, to-wit, on the thirteenth day of November, instead of the first Monday in that month, moves to set aside and dismiss the devolutive appeal taken in this cause.

We take up the grounds in their inverse order. Regarding the last ground of the motion to dismiss, the record discloses that the petition for the appeal was filed on the nineteenth day of September, 1899. The order of appeal issued on this petition shows that the appeal was made returnable on the first Monday of November, 1899.

The first day of the term fell on the sixth of November, 1899. The minutes of the proceedings show that a daily session of the court was held from and including the sixth to the fourteenth of that month, with the exception of one day.

The transcript was filed on the thirteenth day of November, five days after the first judicial day. The law is positive enough. It reads: "If the appellee prefers having execution on the judgment, he may, within three days after the time allowed for the appellant to file the record, obtain a certificate from the clerk of the appellate court declaring that the record has not been brought up, and, on the production of this certificate, the lower court shall order execution on the judgment." C. P., 589.

The return day was the first day of the session, which was extended so as to include a number of additional days as just stated.

This court has always decided that the law is mandatory, and has always dismissed the appeal if an extension had not been previously obtained. The question received careful attention in Sterling vs. Heirs of Sterling, 35th Ann., 840, also in Wood & Roan vs. Wood, 32nd Ann., 801. In each case the appeal was dismissed because the transcript had not been seasonably filed. In a case almost parallel to the instant one, the court substantially reaffirmed that which had been repeatedly decided in decisions rendered by this court (Archer vs. Gonsoulin, 46th Ann., 144), and for the reason that the transcript had not been filed in time. See also on this subject, Pierce vs. Cushing, 33rd Ann., 801. "The appeal shall be considered as abandoned, if the appellant does not file the transcript within the legal delays." Decournau vs. Levistones, 44th Ann., 30.

The question is no longer a new one. It was referred to in the case of Sterling vs. Heirs of Sterling, cited *supra,* as one long since settled. No alternative is left to us save to dismiss the appeal.

For the reasons assigned, the appeal is dismissed.

Rehearing refused.