(102 So. 519)

No. 24871.

**MUNDY v. PHILLIPS et al.**

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬅627(1)—Seizure and sale under execution issued before expiration of return day of suspensive appeal held not vitiated.**

1. **Appeal and error ⬅436—After filing of appeal bond, inferior court may only transmit record and test solvency and sufficiency of sureties.**

Supreme Court's appellate jurisdiction attaches on filing of appeal bond, and inferior court thereafter can take no steps, except those necessary to transmit record and test solvency or sufficiency of sureties.

2. **Appeal and error ⬅437—Issuance of fi. fa. before expiration of return day of suspensive appeal illegal and premature.**

Issuance of fi. fa. by clerk before expiration of return day of suspensive appeal *held* illegal and premature.

3. **Appeal and error ⬅627(1)—Appellant not filing transcript within legal delay or obtaining extension of return day abandons suspensive appeal.**

Appellant not filing transcript within legal delay or obtaining extension of return day abandons suspensive appeal.

4. **Appeal and error ⬅627(1)—Judgment creditor's remedies on appellant's failure to file transcript stated.**

Under Code Practice, arts. 588, 589, 590, judgment creditor, on appellant's failure to file

transcript in appellate court, may have execution, on obtaining certificate from clerk of appellate court that record has not been brought up, or obtain and bring up copy of record and pray for judgment on, or dismissal of, appeal.

5. **Appeal and error ⬅627(1)—Seizure and sale under execution issued before expiration of return day of suspensive appeal held not vitiated.**

Premature execution, issued before expiration of return day of suspensive appeal, *held* not affected with such nullity and illegality as to vitiate seizure and sale thereunder, where appellant failed to file transcript within legal delay, or enjoin execution and seizure of property.

6. **Appeal and error ⬅437—Defendant taking devolutive appeal only cannot complain of issuance of fi. fa. before notice of judgment against him.**

Defendant may have fi. fa. issued before notice of judgment against him quashed and suspensive appeal allowed, but cannot complain if he takes devolutive appeal only.

7. **Appeal and error ⬅437—Defendant not seeking to enjoin execution, abandoning appeals, and bidding on and purchasing property, cannot attack validity of sale.**

Defendant making no effort to enjoin execution on judgment against him, abandoning both devolutive and suspensive appeals by not filing transcript within legal delay, permitting seizure and sale, and bidding on and purchasing part of property, cannot attack validity of sale nor recover damages because execution issued prematurely.

8. **Exemptions ⬅70—Execution defendant could not recover value of alleged exempt property subject to lessor's privilege.**

While no officer can seize exempt property, and such seizure may be regarded as trespass (Const. 1921, § 1, art. 11), execution defendant cannot recover from judgment creditor and sheriff value of alleged exempt property subject to lessor's privilege, expressly recognized in judgment on which execution was issued.

9. **Execution ⬅226—Sale of machinery in freight car held not void on ground property was not exposed for sale at place of sale.**

Execution sale of machinery, contained in freight car at railroad station in town of sale on day thereof, inspected by sheriff and prospective bidders, who retired from courthouse to station for such purpose, partly unloaded from car, legally appraised, and sold at not

less than two-thirds of appraisement, which execution defendant did not claim was too low, *held* not void on ground that property was not exposed for sale at courthouse or place of sale.

**10. Execution ⬥472—Exemplary and punitive damages not allowable.**

Exemplary and punitive damages, as for illegal taking of property under execution, are not allowable in civil actions.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; William C. Carruth, Judge.

Action by Charles J. Mundy against Mumford Phillips and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Charles J. Mundy, of Thibodaux, in pro. per.

M. T. Hewes, of New Roads, for appellee Phillips.

Albin Provosty and Bouanchaud & Kearney, all of New Roads, for appellee Lamartine Bouanchaud, Sheriff.

THOMPSON, J. The plaintiff sues his judgment creditor and the sheriff in solido for $24,108.63 damages for an alleged illegal seizure and sale of certain movable property. The amount claimed is the estimated value of the property sold, $4,108.63, and $20,000 for the "illegal taking and depriving petitioner of his said property in the manner shown in this petition."

It is alleged, substantially, that the sale was null for the reason that the execution was unwarranted, illegal, and premature, having been issued by the clerk of court at the instance of plaintiff in execution, and executed by the sheriff while the district court was divested of jurisdiction by reason of a suspensive appeal to the Supreme Court which had been perfected by the defendant furnishing a suspensive appeal bond as required by law.

A further ground of nullity of the said sale and cause for damage is that some of the property sold was exempt under the homestead law and some of said property was not exposed for sale at the courthouse or place of sale, which fact prevented the full value of the property being bid.

The defense interposed by both the seizing creditor and the sheriff is: A general denial of any liability in damages to the plaintiff; an affirmative allegation that the proceedings in execution and the said sale were valid and legal; that the plaintiff had abandoned his appeal and acquiesced in the proceedings and sale by being present at the sale and bidding on and purchasing a part of the property offered for sale under said execution. They plead the prescription of one and two years as an effective bar against plaintiff's right to recover.

After a trial was had on the merits, a judgment was rendered rejecting the plaintiff's demand, and he prosecutes this appeal.

The plaintiff leased from the defendant a plantation for a number of years, for which he executed his promissory notes payable annually. He also purchased from his lessor certain movable property consisting of corn, hay, agricultural and farm implements, and a few head of live stock or work animals. This property was purchased on a credit for which the lessee executed his notes secured by a chattel mortgage on the movables.

After the expiration of the first year of the lease, an agreement was entered into by which the unexpired term of the lease was canceled and the unmatured lease notes were surrendered. The lessee restored to the lessor the greater portion of the live stock and of the farming implements, receiving credit therefor on the chattel mortgage notes.

Thereafter the lessor brought suit on the rent notes that were due and unpaid at the time the lease was canceled and sued out a writ of provisional seizure. This suit went to judgment with recognition of the provisional seizure on the property seized on the leased premises. The amount of this judgment was $2,325.

The lessor also brought suit on the chattel mortgage notes, accompanying the suit with a writ of sequestration. This suit likewise went to judgment with recognition of the writ of sequestration. The amount of this judgment was $3,000.

The defendant Mundy obtained an order for both a devolutive and suspensive appeal from the first judgment rendered against him and perfected both appeals by giving the required bonds within the legal delays. The appeal was made returnable to the Supreme Court on or before January 29, 1917.

After the appeal bonds were filed, the judgment creditor filed a rule on the defendant and appellant to show cause why the bond should not be declared insufficient by reason of the alleged insolvency of the surety. This rule was never served on the appellant, nor was it ever tried. However, the court later permitted the surety on the appeal bond formally to withdraw as surety in open court. It does not appear that the defendant and appellant was present in court at the time this novel precedure was had, or that he had notice of such intended action on the part of the surety or the court.

Thereafter, a writ of fi. fa. was issued on the judgment appealed from by the clerk at the request of the plaintiff or his attorney, under which writ the sheriff seized and sold the property mentioned and described in the notice of seizure and advertisement. The issuance of the fi. fia., the seizure of the property, the notice of seizure and advertisement, all took place before the expiration of the return day of the appeal. The sale, however, was made after the return day had expired and long after the days of grace allowed an appellant to file the transcript.

[1] No one, we imagine, will question the proposition, which is abundantly sustained by the authorities cited in plaintiff's brief, to the effect that the jurisdiction of the Supreme Court in cases of appeal attaches on

157 LA.—15

the filing of the bond of appeal, and the inferior court thereafter has no authority to take any steps in such cases, except such as are necessary to transmit the record and to test the solvency or sufficiency of the sureties on the appeal bond.

[2] It is conceded by counsel for appellee in this case that the action of the court in permitting the surety to withdraw from the appeal bond in the manner shown by the record was without authority and had not the effect of setting aside or avoiding the appeal. And we may go further and say that the issuance of the fi. fa. by the clerk was irregular and premature, but because of that fact it does not follow that such irregularity and prematurity cannot be waived or acquiesced in by the party against whom the execution is prematurely issued and a valid seizure and sale of his property made thereunder by the sheriff.

[3] The plaintiff herein, appellant in the other suit, never followed up his appeal by filing the transcript in this court. He took no steps to obtain an extension of the return day from this court, nor did he in any manner attempt to coerce the clerk to deliver to him the transcript, as it was his duty to do in order to protect his legal rights and to preserve his appeal. By failing to file the transcript within the legal delay or to obtain an extension of the return day, the appellant abandoned his appeal. This rule of law is inexorable.

" 'The appeal shall be considered as abandoned if the appellant does not file the transcript within the legal delays.' Ducournau v. Levistones, 4 La. Ann. 30. The question is no longer a new one. It was referred to in the case of Sterling v. Sterling's Heirs [35 La. Ann. 840]." State v. Louisiana Debenture Co., 52 La. Ann. 551, 27 So. 87.

[4] The judgment creditor in cases where a suspensive appeal has been perfected and the appellant has failed to file the transcript in the appellate court has two modes of pro-

cedure open to him. If he prefers to have execution on his judgment, he may, on obtaining a certificate from the clerk of the appellate court declaring that the record has not been brought up, have execution issued on his judgment. Or if he prefers to have judgment on appeal, he may obtain a copy of the record and bring it up to the appellate court and pray for judgment or for the dismissal of the appeal. Code of Practice, art. 588, 589, and 590.

[5] The judgment creditor did not pursue either remedy, but applied to the clerk for execution before the expiration of the return day, and the clerk, assuming that the appeal had failed or had abated by reason of the fact that the court had permitted the surety to withdraw from the appeal bond, issued the execution.

The action of the clerk was undoubtedly irregular and the execution premature, but we do not think that the execution was affected with such nullity and illegality as to vitiate the seizure and sale thereunder. The appellant, as we have already indicated, had his remedy. He could have followed up his appeal by filing the transcript within the legal delay and he could have enjoined the unwarranted and premature execution and seizure of his property. He failed to do either, and by his silence and inaction he lost his appeal and waived his right to an injunction. It is manifestly too late, after the seizure and sale of his property, for him to urge that the writ of execution prematurely and illegally issued.

"If execution be issued after a suspensive appeal, the judge of the inferior court may grant an injunction to prevent a sale." Aubert v. Robinson, 6 Rob. 463.

[6] And a defendant may have a fi. fa., issued before notice of judgment, quashed and a suspensive appeal allowed, but cannot complain if he take a devolutive one only. Hatch v. English, 12 Rob. 135; Labarre v. Durnford, 10 Mart. (O. S.) 180; Sowle v. Pollard, 14 La. Ann. 287.

"A fi. fa. prematurely issued is a mere irregularity, which the defendant may have corrected within the delay for or after he has taken his suspensive appeal. If he suffers the delay to expire without any action, he waives the prematurity." Wheeling Pottery Co. v. Levi, 48 La. Ann. 777, 19 So. 752; Regan v. Washburn, 39 La. Ann. 1071, 3 So. 178.

"A premature execution of such a judgment [of the Supreme Court] is a mere irregularity which may be corrected by an application for rehearing timely made, and which becomes valid after the expiration of the delay. And for having recourse to such an execution the party cannot be held responsible in damages." Regan v. Washburn, supra.

In the case of Sowle and Ward v. Pollard, 14 La. Ann. 287, the court said:

"The execution was not, therefore, void, because issued before the delay had expired, but it became valid by the expiration of the delay, there being no attempt on the part of the defendant to correct the irregularity."

In the course of the opinion in the above case the court observed:

"The article of the Code of Practice * * * which requires a delay of ten days before an execution shall issue * * *, is in the interest of the defendant, and for the purpose of protecting his right to a suspensive appeal. * * *

"This right the defendant may at any time waive, and a valid execution may issue immediately. * * *

"For this delay does not in any manner affect the public order, and as the defendant may voluntarily satisfy the judgment by payment, so also, it would seem, he may ratify an execution issued prematurely, by giving up property for seizure upon it, or voluntarily standing by and seeing the same sold under it"—citing Conrey v. Copland, 3 La. Ann. 452; Leggett v. Potter, 9 La. Ann. 309.

[7] As we have already observed, the defendant in execution made no effort to enjoin the execution; he abandoned his appeals, both devolutive and suspensive, he stood by and permitted the seizure and sale of his property, and was present and bid on the property offered for sale and actually purchased a part of it. In these circumstances, he cannot be permitted to attack the validity of the sale on the ground that the execution

issued prematurely, nor is he entitled to any damages on account of the sale of his property made by the sheriff.

[8] Nor has the plaintiff any cause of action for the value of the property claimed to be exempt from seizure and sale. It is true that no officer has the authority or jurisdiction to seize exempted property, and such seizure may be regarded as a trespass (Constitution of 1921, § 1, art. 11), but in the instant case the property claimed to be exempt was subject to the lessor's privilege, and was, as we understand, included in the provisional seizure, and the privilege was expressly recognized in the judgment on which the execution was issued and under which the said property was sold.

[9] The contention that certain portions of the property were not produced on the day of sale at the place of sale we think was correctly disposed of by the trial judge. The trial judge in his written opinion says:

"The testimony of the sheriff shows, however, this freight car, with the machinery in it was at the railroad station at New Roads on the day of sale, and that the sheriff and other persons who attended the public sale retired from the courthouse to the railroad to inspect this machinery. The sheriff testifies that the machinery was partly unloaded from the freight car. I do not think that it is shown by a preponderance of evidence that the machinery in the freight car was not properly inspected by the prospective bidders."

The property was all sold at not less than two-thirds of the appraisement. It was legally appraised, and the plaintiff makes no complaint that the property was undervalued.

The plaintiff complains of numerous other matters in connection with the action of the defendant Phillips and the sheriff in the proceedings leading up to and culminating in the sale, all of which we have carefully considered. We think, however, that all the issues and contentions were properly disposed of by the learned trial judge in his exhaustive and able written opinion.

[10] The claim for $20,000 is in the nature of exemplary and punitive damages, which are not allowable in a civil action under the present rule of jurisprudence in this state. Vincent v. Morgan's, etc., R. Co., 140 La. 1027, 74 So. 541; Howell v. V. S. & P. R. Co., 144 La. 428, 80 So. 613; Dunson v. Baker, 144 La. 167, 80 So. 238.

We find the judgment correct, and the same is affirmed, at the cost of appellant.