REY v. CARRERE

---

(November 14, 1927. Opinion and Decree.)
(January 20, 1928. Writs of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Fraudulent Conveyances—Par. 132.

Evidence creating only a suspicion against the payment of the price is insufficient to overthrow an authentic act of sale, as simulated, and divest title to real estate.

Appeal from the Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

Action by Mrs. Lucille S. Rey et als. against Francois Carrere.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. Kenner, of New Orleans, attorney for plaintiff, appellant.

Ellis & Cappel, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiffs, children of Armand J. Cousin, claim to be the owners of a certain tract of land in the Parish of St. Tammany described in their petition. They allege that defendant also claims to be the owner of the land and they pray for recognition of their title.

It was admitted on the trial of the case that plaintiffs' father, now deceased, and whose succession was accepted by plaintiffs, was the owner of the property in question, having acquired the same by purchase from Adolph Dubourg in 1868. Defendant thereupon assumed the burden of proving divestiture of Cousin's title.

Proof was administered establishing title to one-half of the property in a Mrs. Seymour Cousin by virtue of a judgment of the late Sixteenth Judicial District Court for the Parish of St. Tammany, dated January 31st, 1894. Mrs. Cousin is not a party to these proceedings; moreover, the judgment rendered is not subject to collateral attack. The trial court correctly refused to permit evidence offered for the

purpose of impeaching the judgment. Defendant sets up title to the other half under an act of sale from plaintiff's father, Armand J. Cousin, to himself, dated June 21, 1895, passed before H. R. Warren, Clerk and Ex-officio Notary Public.

Plaintiffs attack this act upon the ground that it was a simulation. The evidence tended to show that after acquiring an undivided one-half defendant remained in New Orleans and permitted plaintiffs' father to retain possession. There was also an attempt to prove that the consideration mentioned in the act ($150.00) was not paid because of defendant's financial condition. It is established at the time that he earned only $12.00 per week and contributed to the support of members of his family. He testifies that he did pay the money out of earnings over a period of years. It was possible for him to have accumulated the money in the manner he claims however difficult it may have been. It is also quite consistent with bona fide ownership for defendant to have permitted Cousin, his vendor, to remain in possession. The price paid would indicate the property to be of only speculative value and tend to corroborate defendant's statement that he bought as an investment. The taxes were paid by defendant, a circumstance which outweighs the failure to take possession, particularly since the record shows that Cousin, defendant's vendor, subsequently married defendant's sister.

The most that can be claimed for the evidence is that it creates a suspicion, an insufficient reason for divesting title to real estate.

"Where the evidence in such case is so slight as to create but a suspicion against the payment of the price, and to make out in favor of the heir but a doubtful case, it is too uncertain to justify the court in setting aside the sale." Carter vs. McManus, 15 La. Ann. 641. See also Moore vs. Wartell, 39 La. Ann. 1071.

The trial court found the evidence insufficient to support plaintiff's title and dismissed the suit. We believe that judgment was correct and it is therefore affirmed.