ROGERS, Justice.
 

 This is a suit sounding in damages for an illegal seizure. In the early part of the year 1933, J. E. Buck, as the trustee of certain insurance companies, brought suit on a promissory note against Leon S. Haas, the plaintiff herein. Haas answered the suit, after his exceptions were overruled, and the case was tried on its merits, resulting in a judgment for Buck, trustee, as prayed. The judgment was rendered on July 14, 1933, and on the following day, which was a Saturday, the judgment was read and signed.. On the same day Buck caused a writ of fieri facias to issue, under which the sheriff seized the stock of merchandise contained in the store defendant was operating in the city of Opelousas. On Monday, July 17, 1933, Haas filed a motion for a new trial. On receiving notice of the motion, Buck, instead of ordering the seizure released, caused the sheriff to levy a seizure on a certain machine shop belonging to Haas.
 

 On July 27, 1933, Haas brought this spit for the damages he had suffered, was suffering, and would suffer, by the continuing of the illegal seizure. He prayed for judgment against the defendants, who were Buck, individually and as trustee, and the
 
 *569
 
 various insurance companies he represented. The defendants filed an exception of no, right or cause of action, which in due course was maintained, and the suit dismissed. Haas has appealed from the judgment.
 

 Defendants contend that the appeal presents only a moot question. . In support of their contention they refer to the records ■of this court, which they argue should be considered in connection with their exception. These records show the overruling of Haas’ motion for a new trial in the suit against him; that Haas neither suspensively appealed from the judgment nor ■enjoined the seizure; that the property seized was sold to satisfy the judgment obtained by Buck, trustee; that Haas perfected only a devolutive appeal after the property seized was sold to satisfy the judgment, which was affirmed by this court. See Buck v. Haas, 180 La. 188, 156 So. 217.
 

 Counsel for appellant, while expressing doubt as to the right of the court to consider in connection with the exception the extraneous matters referred to by counsel for the appellees, have frankly stated, both in argument and in brief, that, since the matters referred to could be pleaded as a defense to the suit, and since their existence cannot be disputed, they are willing that the court should take them into consideration in determining whether plaintiff has set forth a cause of action. Hence we shall consider and decide the case on the entire record.
 

 It cannot be denied, and in fact it is not denied, that the seizure of Haas’s property prematurely issued. The writ on which it was based was ordered on the day the judgment was rendered and signed. At that time the delay granted by law to the judgment debtor within which' to apply for a new trial had not expired. As a matter of fact, an application for a new trial was timely made and later denied. But appellees contend that, irrespective of whether the seizure was illegal, they are none the less not legally liable in damages, because appellant has waived his right to claim damages. Appellees argue that the judgment in the original suit was valid at all times and that appellant acquiesced in the seizure because he did not enjoin or suspensively appeal from the judgment, which was affirmed on the devolutive appeal.
 

 There can be no doubt that an action for damages arises from the wrongful seizure of property. Civ. Code, art. 2315; Durbridge v. Wentzel, 17 La. Ann. 20. Such an action accrues at the moment of the levy, and is not postponed until a final determination of the litigation involving its validity. Duperron v. Van Wickle, 4 Rob. 39, 39 Am. Dec. 509.
 

 At the time this suit was instituted, plaintiff had already suffered some damages from the violation of his rights, if from nothing more. Plaintiff’s failure to enjoin the seizure or to appeal suspensively from the judgment under which it was levied cannot destroy his cause of action. The
 
 *571
 
 seizure itself may have operated to prevent plaintiff from giving security for an injunction or for a suspensive appeal. And he cannot be considered as having lost his recourse upon the defendants by his failure to take steps to prevent the illegal seizure, even if his unjustifiable failure to take such steps might be offered in mitigation of his damages. There is nothing in the line of decisions cited by the appellees which disturbs this view of the case. Those decisions are Labarre v. Durnford, 10 Mart. (O. S.) 180, 182; Hatch v. City Bank, 1 Rob. 470, 497; Hatch v. English, 12 Rob. 135, 136; Legget v. Potter, 9 La. Ann. 309; Sowle v. Pollard, 14 La. Ann. 287; Regan v. Washburn, 39 La. Ann. 1071, 3 So. 178; Mundy v. Phillips, 157 La. 445, 102 So. 519; Alfano v. Franek, 159 La. 498, 105 So. 598.
 

 Labarre v. Durnford apparently was a suit for a recovery on a bail bond, in which the author of the opinion merely remarked that he did not know of anything which prohibited the execution issuing until ten days after the judgment is signed, though the party may appeal and stay it. In such a case, it would be stayed in the sheriff’s hands.
 

 Hatch v. City Bank was an action for mandamus to compel the defendant bank to permit a stockholder to inspect its books. In the course of the opinion, the court observed, by way of analogy, that a mere irregularity is not enough to obtain an injunction, injury to the applicant or apprehension of injury must be shown.
 

 Hatch v. English is authority only for the proposition that, where a fi. fa. is issued against a defendant before notice of judgment is served, the defendant may require that the fi. fa. be quashed and a suspensive appeal allowed. But, where such defendant contents himself with a devolutive appeal only, he cannot complain that he is entitled to a suspensive appeal, wlien such an appeal has not been denied him.
 

 In Legget v. Potter the defendant appealed devolutively the day after the judgment was rendered. The following day the plaintiffs issued execution. On a rule to quash the execution, the court held that plaintiffs’ act was “manifestly irregular,”’ but that by taking a devolutive appeal the defendant had waived the delay allowed for taking a suspensive appeal.
 

 The contest in Sowle v. Pollard was not between a judgment creditor and a judgment debtor. The contest there was between two judgment creditors over the distribution of certain funds realized under sundry executions. One of the creditors complained that the other creditor was not entitled to a priority because he had caused execution .to issue before the delay for taking a suspensive appeal had expired. The court, in deciding the controversy, remarked that the delay of ten days prescribed by law before an execution shall issue is in the interest of the judgment debtor and for the purpose of protecting his rights to a suspensive appeal; that a judgment debtor might waive the right and a valid execution issue immediately. The
 
 *573
 
 court held that the execution was not void, because issued before the delay had expired, but became valid upon the expiration of the delay; no attempt having been made by the judgment debtor to correct the irregularity. The effect of the decision is, as we understand it, that if a judgment debtor chooses to waive his right to a suspensive appeal, his judgment creditors as between themselves cannot complain of his act.
 

 In Mundy v. Phillips the defendant in execution abandoned his suspensive and devolutive appeal, was present at the sale and bid on the property, and actually purchased a portion of it. In these circumstances the court properly held that the defendant could not be permitted to question the validity of the sale on the ground that the execution had prematurely issued and that he was not entitled to any damages on account of the sale.
 

 In Alfano v. Franek a writ of seizure and sale had been issued and afterwards set aside. On appeal, the order setting aside the writ was reversed, which left the writ in force. Thereafter the property was sold under the executory process. The sale was attacked on the ground that the judgment of the Supreme Court had not been filed and recorded in the district court until after the sale had been made. This court, holding that articles 619, 620, of the Code of Practice, requiring recordation of the judgments of the Supreme Court in the lower court, were inapplicable, refused to annul the sale. The court, assigned as an additional reason for refusing to annul the sale that the appellant, who was a judgment creditor and not the judgment debtor, could not remain silent, permit the sale to be made under executory process, and then, after the sale, be heard to say that the execution and sale were premature.
 

 The trial judge rested his decision sustaining defendants’ exception on the decision in Regan v. Washburn, and the defendants in their argument on the appeal rely on that case as absolutely controlling the issue involved herein.
 

 Regan v. Washburn was a suit for damages for the illegal execution of a writ of ejectment. The ejectment ordered by the trial court was stayed by a writ of certiorari issued by this court. The proceedings in the trial court were sustained by this court, whose judgment did away with the effect of the writ. Hence the judgment complained of was revived in all its legal bearings and effects, except so far as its executory condition depended on the delay allowed for an application for a rehearing. This court held that the judgment was not executory at the time Washburn, in whose favor it was rendered, proceeded to execute it, which was on the day following that on which the judgment was rendered. But as the Regans, the parties cast, had not asked for a rehearing, the court held that the irregularity of the execution of the judgment was cured by their inaction, and that no damages could flow from a valid execution of a final judgment.
 

 
 *575
 
 The difference between that case and this case is, as we see it, that the Regans did not timely complain of the illegal seizure. Their suit for damages apparently was not brought until after the judgment of this court had become final by reason of their failure to ask for a rehearing within the delay prescribed by law. Here, on the contrary, Haas promptly filed a motion for a new trial, protested against the seizure directly to Buck, and brought his suit for damages before the judgment under which the seizure was made had become final. Hence we fail to see how it can be contended successfully that Haas waived his right to complain of the illegal seizure. And it would seem to be almost too plain for argument that, if Haas has waived anything at all, it could only be the damages resulting after the judgment had become executory on his failure to take a suspensive appeal. ■
 

 Counsel for the appellees direct our attention to section 5 of Act No. 163 of 1898, as amended by Act No. 40 of 1904, which reads as follows, viz.:
 

 “All judgments rendered by the District Courts [Orleans Parish excepted] shall be signed within three days from the date of the rendition of such judgment, provided that within such delay an application for a new trial may be filed, and the granting of a new trial shall have the effect of setting aside the judgment signed within said three days, provided that judgment in confession may be signed at any time in open court.”
 

 Counsel for appellees argue that it is apparent from this statute that the judgment against Haas was effective upon being signed, and the' application for a new trial was .not effective to set it aside; that it is only the granting of a new trial which has the effect of setting aside a judgment signed within three days; that, as there has never been the granting of a new trial in this case, the judgment has always been legally in effect. The trial judge so held.
 

 We think the argument is untenable and the holding was erroneous. While the statute provides for the signing of all judgments within three days from the date of their rendition, it plainly contemplates that the judgments shall not become effective until the three days have expired, or until an application for a new trial filed within the three days has been denied. A litigant intending to apply for a suspensive appeal from an adverse judgment of a district court is not in a position to do so before the expiration of three days after the judgment is rendered, even though it is signed within three days, or until his motion for a new trial timely filed is overruled, in which event the judgment is treated as signed and rendered as of the date of the overruling of the motion, for it is upon that date that the judgment becomes legally effective. Cf. Saint v. Allen, 169 La. 1046, 126 So. 548; Herold v. Jefferson, 172 La. 315, 134 So. 104.
 

 For the reasons assigned, the judgment appealed from is annulled; the exception of no right or cause of action filed by the
 
 *577
 
 defendants is overruled; and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs ificident to the exception and of the appeal from the judgment sustaining the exception are to be paid by the defendants and appellees; all other costs are to abide the final disposition of the suit.