## CORNELL & WIFE vs. HOPE INSURANCE COMPANY.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioners state that they insured with the defendants a house, and buildings thereto belonging, and a certain quantity of groceries,

Conditions precedent are known to our law.

A denial that the plaintiff performed one part of his contract is not an admission that he performed

East'n. District.
Jan'y. 1825.

CORNELL
vs.
HOPE INSU-
RANCE Co.

the rest, if this denial follows the general issue.

The neglect of one party to prove what is essential to his recovery, is not cured by the evidence of the other leaving the fact doubtful.

that the same has been totally consumed by fire, and that the defendants have refused to pay them $2,500, the amount of the loss sustained.

To this petition, and to the manner in which it was commenced, it having originated by attachment, various objections have been made, and several means of defence presented. We deem it unnecessary to set out any, but that on which our opinion has been formed, and which is decisive of the cause.

The policy of insurance is made a part of the petition, and in it we find a clause which states, that the policy is made and accepted in reference to the proposals and conditions thereto annexed, which are to be used and resorted to, in order to explain the right of the parties.

On referring to these conditions, we find the 9th one to be, that all persons insured by the company, and sustaining loss or damage by fire, are forthwith to give notice to the company, and as soon after as possible, deliver in a particular account of such loss or damage, signed with their own hands, and witnessed by their oath or affirmation; and also, if required by their books of accounts and other papers and vouchers. They shall also declare on oath

whether any, and what other insurance has been made on the same property, and procure a certificate under the hand of a magistrate, notary public or clergyman, (most contiguous to the place at the time, and not concerned in the loss,) that they are acquainted with the character and circumstances of the person or persons insured; and that having investigated the circumstances of the person or persons insured, in relation to such loss, do know, or verily believe, that he, she, or they, really and by misfortune, and without fraud or evil practice, hath or have sustained by such fire, loss and damage to the amount therein mentioned: and until such proofs, declarations and certificates are produced, the loss shall not be payable.

East'n. District.
Jan'y. 1825.

CORNELL
vs.
HOPE INSU-
RANCE Co.

The defendants contend, that this clause operates as a condition precedent to the right of the plaintiffs to recover. And they have shewn, by the decisions of the courts of justice of the country, in which this clause was originally introduced into policies of insurance, and from which it was most probably taken, and incorporated into similar instruments in ours, that it is uniformly so considered. Nay, so rigidly has the insured been held to a com-

East'n. District.
Jan'y. 1825.

CORNELL
vs.
HOPE INSU-
RANCE Co.

pliance with this condition, that in cases where he proved he had made every effort to comply with it, and that his failure arose, not from a suspicion of fraud, on the part of those whose certificates he was to furnish, but from their want of knowledge of the circumstances under which the fire took place, it was considered he could not recover from the insurers. That the parties had made their agreement in this way, and must be bound by it. 2 *Marshall*, 808. 2 *Henry Blackstone*, 577, 1 *ib.* 254, 6 *Durnford & East*, 710.

To this the plaintiff has replied,

1. That the doctrine of precedent conditions in the common law is unknown to ours.

2. That he was not put on the proof of this fact by the pleadings.

3. That the jury have found a compliance with this condition.

1. There is not the slightest foundation for the argument, that conditions precedent are unknown to our law. They are recognized and provided for by our system of jurisprudence, and by every other that has in view the ordinary transactions of men. The obligation is conditional, when it *depends* on a future or uncertain event, says our code. The *event* then

East'n. District.
Jan'y. 1825.

CORNELL
vs.
HOPE INSU-
RANCE CO.

must be shewn, to make the obligation binding on the party against whom it is presented. For until it takes place, he is not bound to perform what he has promised. *C. Code*, 272, *art.* 68.

There is an exception to this rule in regard to the dissolving condition. But in relation to all others it is true, and it is a matter of no moment whether we say the obligation is *suspended* until the condition is performed—or that the performance of the condition must *precede* the execution of the obligation. *C. Code.* 274, *art.* 81 & 3. *Toullier, droit civil Francais. liv.* 3, *tit.* 3, *chap.* 4, *no.* 472. *Pothier, traite des ob. no.* 202.

2. The plaintiff was put on the proof of the condition being performed. The answer states, that the petitioner has not complied with the conditions of insurance, and particularly the 10th. Their reliance on the failure in relation to this article, cannot be construed into an admission the others were performed, particularly when the special averment follows close on the general denial.

3. The jury found, on a fact submitted by *the defendants*, "that the plaintiff *had not complied* with *all* the conditions of insurance, as contained in the articles annexed to the policy of insurance." The plaintiff insists that this

Eas'n. District.
Jan'y. 1825.

CORNELL
vs.
HOPE INSU-
RANCE CO.

establishes *he has complied* with all the conditions necessary for him to perform. How such a conclusion is inferred, we have been unable to discover. We have already seen that it was the duty of the plaintiff to aver and prove a compliance, with the condition on which his right to maintain his action depended. To avert the consequences of his failure to do either, he relies on a fact submitted by the defendant, which leaves it doubtful whether this condition was performed. But this he cannot be permitted to do. The neglect of one party to prove what is essential to his recovery, is not cured by the evidence of the other, leaving the fact doubtful.

On the whole we are satisfied the judge of the first instance, did not err in directing a nonsuit.

It is therefore ordered, adjudged and decreed, that this judgment be affirmed with costs.

*Hennen* for the plaintiff, *Morse & Maybin* for the defendants.