W. S. THOMAS, Respondent, v. THE BURLINGTON INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1891.

1. **Insurance:** SUBMISSION TO EXAMINATION: PRESENCE OF ATTORNEY. A policy of insurance required the assured to submit to an examination under oath. The plaintiff appeared at the time and place appointed for such examination with his attorney, and offered to submit to the examination in the attorney's presence, and finally consented to submit to a private examination if they would give him a copy of it in writing. To all this the insurer objected, and no examination was had. *Held*, that under the circumstances, the assured's refusal to submit to the examination would not prevent his recovery.

2. ———: PROOF OF LOSS FOR THE COURT: INSTRUCTION. It is the province of the court, and not the jury, to declare the legal effect to be given a written instrument, and an instruction submitting the sufficiency of a paper as a proof of loss to the jury, is properly refused.

3. **Appeal:** DAMAGES. On an appeal, wholly without merit, the judgment will be affirmed with temperate damages.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Quinton & Quinton* and *J. A. Arbuthnot,* for plaintiff in error.

(1) The proposition is, if the assured refused to submit to the examination, he cannot recover on the policy. *Harris v. Ins. Co.,* 35 Conn. 310 ; *Bonner v. Ins. Co.,* 13 Wis. 677 ; *Phillips v. Ins. Co.,* 14 Mo. 226 ; May on Ins. [ 2 Ed.] p. 709. (2) We next call attention of the court to instruction, numbered 2, asked for by the defendant and refused by the court. Before the assured can recover on a policy in case of loss, he must comply, substantially at least, with the requirements of the policy in all matters that are conditions precedent to his right of recovery. Whatever, then, the policy provides shall be shown in proofs of loss must be incorporated in proofs of loss, and this instruction simply embodies those things enumerated in the policy, and nothing more, that shall appear in the proofs of loss, and properly raises a question of fact for the jury, as in this case the question of proof furnished according to the policy was in issue, by specially pleading the provision of the policy requiring proofs of loss ; and we submit there is no evidence tending to show a compliance by the assured in the manner and form as required. Whether there was or was not, the instruction covers the requirements of the policy, and the jury should have been allowed to say, under the instruction, upon the evidence, whether the assured had or had not complied with the same.

*Harry K. West,* for respondent.

(1) Respondent denies that, by the terms of the policy sued on, he was bound to submit to a private examination from which his attorney was excluded, and that, by a failure to submit to such an examination, he forfeits all rights under the policy. The law does not favor forfeiture. *Froelich v. Ins. Co.,* 47 Mo. 406 ;

*Phillips v. Ins. Co.*, 14 Mo. 221;. *Towne v. Browers*, 81 Mo. 491–497; *Messersmith v. Messersmith*, 22 Mo. 369–372. If there is any doubt or ambiguity in the expressions employed in an insurance policy, they will be construed most strongly against the insurer.. Wood on Ins. [2 Ed.] p. 166, and following. (2) It is apparent that the appeal is without merit, and was taken merely for vexation and delay, and ought to be affirmed with damages. *Cordell v. Bank*, 64 Mo. 600; *Taylor v. Scott*, 26 Mo. App. 249; *Yeoman v. Mueller*, 33 Mo. App. 343.

GILL, J.—Defendant, by its policy, insured the plaintiff's stock of furniture, etc., at Marceline, Linn county, in the sum of $800. The goods were, partially at least, destroyed by fire. A claim was made on defendant to repair said loss, was refused, and plaintiff sued on the policy. From a verdict and judgment in the circuit court for $595, defendant appealed to this court.

I. To defeat the action, the defendant insurance company relied mainly on an alleged violation by plaintiff of the following provisions of the policy: "If required, after loss, assured * * * shall submit to examination or examinations, under oath, by any person appointed by the company, touching all questions by him deemed pertinent to the loss, and subscribe to such examination or examinations when reduced to writing; and a refusal to answer such questions or to subscribe to such examination or examinations when reduced to writing shall cause a forfeiture of all claims under this policy." The evidence shows that a short time after the fire defendant gave notice to plaintiff to appear with his books and papers at the Union Depot Hotel, Kansas City, at a day named, and submit to an examination touching the loss. At the time and place designated plaintiff appeared. But he had his attorney along with him, and to this defendant's agent objected;

plaintiff declared himself ready to submit to the examination, but insisted that his attorney should be allowed to be present. He refused to undergo the examination in private; but finally consented to a private examination if they would give him a copy of the writing. To all this the defendant's agent objected, and insisted on an examination, the agent alone being present. The result was that no examination was had. Upon this testimony the court instructed the jury as follows: "That, while the defendant had the right under the terms of the policy sued on to examine the plaintiff under oath relative to said loss, the defendant had no right to require the plaintiff to submit to a *private examination*, and to exclude from the place of making such examination the plaintiff's attorney, and the plaintiff's refusal to submit to an examination unless his attorney should be permitted to be present, will not prevent his recovery."

In our opinion the trial court correctly advised the jury on this feature of the case. We can see no reasonable objection to this request by the plaintiff, to have his attorney present while being interrogated by the company's representative. In so doing no additional condition was being tacked onto the stipulation of the contract. Rather is it true, that defendant was insisting on an additional stipulation. The clause above quoted does not require the plaintiff to undergo a *private examination;* hence, the company's representative was calling on plaintiff to do something not required by the contract. As was said by the court in another case, *Grigsby v. Ins. Co.*, 40 Mo. App. 283, there is surely no impropriety in the assured consulting his legal adviser in matters of this nature. When insurance companies proceed to take these examinations, it is tantamount to a declaration of intention to contest the claim, and it would seem the part of prudence that the assured have his attorney at hand when anything so important is being done. To deny so

reasonable a request bears the appearance of an attempt to take an undue advantage of the plaintiff in a secret examination, or an effort to manufacture a mere technical defense for this case. It cannot be allowed to succeed.

II. At the trial a writing, called the proof loss, was admitted in evidence. A general objection was made to it by defendant's counsel, but no defect pointed out, and, indeed, none designated here. Defendant's counsel, however, seems to have gone on the theory that the sufficiency of this paper as a proof of loss, whether or not it filled the requirements of the policy and the law, was a question for the jury, and an instruction was asked wherein this question of law was submitted to the jury. The court refused the instruction, and correctly of course. It is the province of the court, and not the jury, to declare the legal effect to be given a written instrument. And, as already intimated, we discover no objection to this proof of loss. No defect in substance, form or time of furnishing the same is pointed out, and we are unable to discover any substantial objection to it.

The appeal in this case is, in my opinion, wholly without merit, and the judgment should be affirmed with ten-per-cent. damages. The other judges concurring, it is so ordered.