98    APPELLATE COURTS OF ILLINOIS.

VOL. 43.]    Am. Cent. Ins. Co. v. Simpson.

## THE AMERICAN CENTRAL INSURANCE COMPANY
### v.
### WILLIAM H. SIMPSON.

*Fire Insurance—Policy—Conditions—Written Contract—Reformation of—Propositions of Law.*

1.    A court of law can not reform the contract in question, although the evidence introduced would justify a court of equity in so doing.

2.    An insurance company can not retain a policy belonging to a person insured, and in case of loss, insist that he be governed by the terms thereof as to proofs of loss.

3.    An insurance company can not, in case of loss, require the policy holder to appear with his books and accounts at its office in another State, there to be subjected to an examination under oath.

4.    A policy holder may insist upon the presence of his attorney at such examination in the city where he resides, and will be justified in refusing to submit to do same where the adjuster of the company declines to accord such right.

5.    The object and purpose of the requirement of the law of this State, providing that all foreign insurance companies doing business herein shall designate agents herein upon whom process can be served, is, that persons in this State holding insurance by such companies shall not be compelled to resort to other jurisdictions at great expense in time and money, in order to enforce their rights. Neither should such person be required to go outside this State for the purpose of arbitration, and to submit his proofs. A clause in a policy requiring such act as a condition precedent to a right of recovery would be against public policy and void, and when the contract is silent in that regard no higher right would exist by reason of a notice and demand for compliance therewith.

6.    This court holds, in the case presented, that a certain registered letter from the company to assured, which he refused to receive, must be considered to have reached his hand, but that the notice contained therein was not one which he was bound to accede to.

[Opinion filed February 26, 1892.]

APPEAL from the County Court of Union County; the Hon. M. C. CRAWFORD, Judge, presiding.

On the 27th day of December, 1888, H. P. Tuthill, agent

of appellant, issued a certificate of the appellant company, insuring appellee in the sum of $1,000 on fruits and vegetables, boxes, barrels, crates, tools and box materials contained in his warehouse building on Illinois Central right of way at Anna, Illinois. That certificate was issued subject to all conditions of open fire policy number 139,827, issued by the appellant company. Plaintiff had in his warehouse of his own property of the character insured, property of the value of $845.25, and in addition to that property, had in store about 1,260 boxes of sweet potatoes, valued at $757.05. On about the 14th of January, 1889, all of said property contained in said warehouse was destroyed by fire. No copy of open policy number 139,827 was ever delivered to appellee, but a certificate numbered 9,780 certified that he was insured under that open policy. At the time of his application for insurance he told the agent he had between $800 and $900 worth of property of his own in the building and the balance of the contents belonged to others, and that if he could make the insurance of $1,000 to cover all the property, he would insure the contents. That day or the next, the agent brought him certificate number 9,780, and he paid the premium. A short time after the destruction of the property by fire, the appellee called upon the agent of the company and asked for his policy and the agent promised to look it up. A short time afterward the agent informed appellee that he had either mislaid or lost the policy referred to in the certificate, and on the 21st of January, 1889, appellee sent to appellant at St. Louis, Missouri, proof of loss, and gave a copy thereof to H. P. Tuthill, the agent at Anna, Illinois.

On the 18th of January, Rorick, the general adjuster of the company, met appellee and asked for his books, which were shown him; he checked the matter over and took memoranda of the articles, and appellee says the adjuster at that time claimed the open policy did not cover any articles in the house except those of appellee, as the reason it was not then settled; and the adjuster says that appellee was in doubt as to his liability to parties who had goods stored with him, or it would have been then settled. On January 22, 1889, the

100    APPELLATE COURTS OF ILLINOIS.

VOL. 43.]         Am. Cent. Ins. Co. v. Simpson.

adjuster of the company wrote from St. Louis to appellee that it reserved all right under and waived none of the conditions of the policy. On January 28, 1889, the adjuster again wrote that he was in receipt of appellee's proof of loss of January 21st, and calling attention to and quoting from the second paragraph of open policy, that property held in trust or on commission must be insured as such, otherwise the policy would not cover it, and quoting from the thirteenth paragraph, that the insured must, on demand, exhibit his books and submit to an examination under oath, if required, and if deemed necessary, must submit to a second examination, and stating that the goods stored in the building in trust, were not covered by the policy, and demanding that appellee should produce his books and submit to an examination on February 5th, on oath, at the office of the company in St. Louis. On February 1, 1889, appellee replied to the letter of January 28th, declining to appear at St. Louis on the 5th of February. On February 2d, the adjuster again wrote that the company adhered to its demands as made in the letter of January 28th, that he produce and exhibit his books of account and submit to the examination at the time and place designated in the letter of the 28th, and that he should further submit to a second examination at Otuck hotel, in Anna, Illinois, on 7th of February.

Appellee met Rorick on the 7th of February, and together they went to Rorick's room, and a lawyer, who was a notary public, was then present. Rorick commenced questioning appellee, and it is claimed by the plaintiff that he stated that he wished to get his attorney, and claims that Rorick replied that a lawyer would not be admitted to the room; in this he is substantially sustained by Andrews, who was the notary public, who states that plaintiff declined answering until he could get his counsel, and Rorick replied that no attorney was permitted; that plaintiff said he would get his attorney and left, while Rorick claims that when he left he said he would get his attorney and be back in a short time. The fourteenth clause of the policy provides, among other things, that "in case difference shall arise touching any loss or damage after proof

thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators to be selected, one by the insured, one by his company, and a third, if necessary, by the two already provided for, the award of any two of whom in writing and under oath shall be binding on the insured and this company as to the amount of such loss or damage, but shall not decide the liability of this company under this policy, and such written request shall designate a time and place for holding such arbitration. No suit against this company for the recovery of any claim for loss under this policy shall be sustainable in any court of law or chancery until an award shall have been made showing the amount of loss herein provided."

On February 9th the adjuster again wrote that he rejected entirely the proof of loss as unsatisfactory. On February 20th the adjuster called attention to the provisions of Sec. 14, and says that whereas differences have arisen touching the said loss and damage, the company requests and demands submission to arbitrators and designates the office of appellant in St. Louis, Missouri, and the last day of March, 1889, at ten o'clock, as the place and time for holding the arbitration, and in that letter states that they are advised that the original open policy, 139,827, issued to Mr. Tuthill, and under and subject to which the certificate was issued to plaintiff, has been lost or mislaid and can not now be found, and that they have issued to Mr. Tuthill a duplicate thereof. On the arrival of that letter at Anna, Illinois, as a registered letter from the American Central Insurance Co., appellee declined to receive it, and some two or three weeks afterward a constable delivered him a package of letters containing this letter. A jury was waived, and a trial had by the court, and certain propositions of law were submitted and held by the court, and certain propositions which the defendant requested the court to hold were refused, to the refusal of which the defendant excepted, which refused propositions are:

"2. And the defendant further asks the court to hold that the plaintiff has failed to show by preponderance of the evidence a substantial compliance with the terms and condi-

102    APPELLATE COURTS OF ILLINOIS.

VOL. 43.]          Am. Cent. Ins. Co. v. Simpson.

tions of open fire policy number 139,827, on his part, and therefore he can not recover."

"4.    And the defendant further asks the court to hold as a proposition of law, that under the evidence there was a dispute arose between the plaintiff and defendant as to the amount of plaintiff's loss and damage, and that defendant requested the plaintiff in writing, prior to the commencement of this suit, to submit said loss and damage to arbitration, and that plaintiff refused to join in said submission, and such refusal would bar his right of recovery."

Which two propositions the court refused to hold, to which the defendant excepted.

A verdict and judgment was entered by the court in favor of the plaintiff for $926, to which the defendant then and there excepted, and moved for a new trial, but filed no reasons therefor, which was overruled, and the defendant excepts and brings the record to this court by appeal, and assigns as error:

"1.    The court erred in hearing and considering improper testimony on the part of the appellee, and in refusing to hear and consider proper testimony on the part of the appellant.

"2.    The court erred in refusing to hold as law the second and fourth propositions asked by appellant. The court erred in rendering judgment for the plaintiff and against the defendant and in overruling defendant's motion for a new trial."

Messrs. YOUNGBLOOD & BARR, for appellant.

Mr. W. C. MORELAND, for appellee.

PHILLIPS, J.    By the terms of this certificate it became a part of, and is necessarily connected with, open policy number 139,827. The policy and the certificate are one contract under the terms of the policy and certificate as thus issued; there is no insurance of property belonging to others than the plaintiff, and property stored by him in the warehouse is not included in the terms of the policy. While it is apparent from the testimony of the plaintiff and the agent, Tuthill, that it was

the intention to include all the property contained in the warehouse and have the same covered by the insurance, that intention was not carried out in the execution of the certificate or by the terms of the policy.

A court of law can not reform the contract although there is sufficient evidence in this record on which a court of equity would do so. The plaintiff made proof of loss in which he specified his property destroyed and its amount, as well as property owned by others that was in his warehouse and destroyed, and the value thereof. No copy of the open policy was ever delivered to the plaintiff, and the company can not be permitted to retain that policy in the hands of its agent, and the plaintiff uninformed as to its terms. The company is estopped from claiming non-compliance with its terms as to proofs of loss, and even were that not the case at the time of the receipt of the proof of loss, it was designated in the letter of the general adjuster. After its receipt, that formal notice of loss was received, but no objection made as to form of proof of loss, and in that letter it was pointed out that the policy did not cover property stored in the warehouse belonging to others than plaintiff, and called on the plaintiff to submit to an examination on oath, and designated the place when that examination was to take place as being at the office of the company in the city of St. Louis. The third letter from the adjuster to the plaintiff informed him that the company would adhere to what was said and demanded in their second letter, and in addition thereto, demanded that he should submit to a second examination at the hotel in Anna. The defendant had no right to require the plaintiff to bring his books and go to the office of the defendant company in another State and there be subjected to an examination on oath. To admit that rule it would apply with equal force to every foreign company doing business in the State, and persons insured would be harassed and put to cost and expense in traveling to the general office of the company at points at such a distance that the benefit that he would derive from such insurance would be destroyed; and when the plaintiff was notified by the third letter that the company adhered to its demands made in the

104     APPELLATE COURTS OF ILLINOIS.

VOL. 43.]     Am. Cent. Ins. Co. v. Simpson.

second letter, and demanded that he should submit to a second examination, the plaintiff would not have been prejudiced had he refused to submit to that examination as a *second* examination, when no demand for a first examination had been made that it was his duty to comply with; but when he went to the hotel in Anna and insisted that his attorney should be present before he would submit to the examination, it was a reasonable condition that he had a right to require, and if that was denied him by the adjuster he would be justified in declining to submit to the examination; and there is evidence in the record to authorize the court to find that the privilege of having his attorney present was denied him. The plaintiff is entitled to no consideration or benefit by refusing to receive the letter addressed to him of date February 20th; by the terms of the policy he owed the duty of submitting to arbitration, difference that might arise between them.

By the legislation in this State it is required of all foreign insurance companies doing business in this State to designate some agent in this State upon whom process can be served. The object and purpose of that legislation is that persons in this State holding insurance by foreign companies shall not be compelled to resort to other jurisdictions and travel long distances from the place where the fire occurs, and be at expense in procuring his witnesses to travel long distances; that protection of a citizen in this State ought not to be destroyed by implication; and the same reason—that a party can not be compelled to go away from the State to be subjected to an examination—should preclude the company from requiring that one insured should go out of the State for purpose of arbitration and to submit his proofs. A clause in a policy that required such an act as a condition precedent to a right of recovery would be against public policy and void, and when the contract is silent in that regard, no higher right would exist by reason of a notice and demand for compliance therewith. The letter of February 20th must be held to be duly transmitted and received, but the notice to the appellee to submit to arbitration at the general office of the company in the city of St. Louis, in the State of Missouri, was not a notice that the insured

was compelled to accede to. It was not error to refuse to hold the second and fourth propositions submitted by the defendant to the court. We do not find that the court excluded evidence that should have been admitted, nor was there error for which this cause ought to be reversed by reason of the admission of evidence. The defendant excepted to the judgment of the court and entered a motion for a new trial, but assigned no specific reasons why the new trial should be allowed. Neither in the motion nor in the assignment of errors is it claimed that a judgment was entered for a greater amount than the evidence showed the plaintiff entitled to, but that he was not entitled to recover anything. Under the evidence the plaintiff was entitled to recover. The third assignment of error is not sustained and the judgment is affirmed.

*Judgment affirmed.*