156 So. 217

BUCK v. HAAS.

No. 32650.

May 21, 1934.

Rehearing Denied July 2, 1934.

. Haas & Haas and Dubuisson & Dubuisson, all of Opelousas, for appellant.

W. C. Perrault and L. L. Perrault, both of Opelousas, for appellee.

OVERTON, Justice.

Defendant had the Opelousas Insurance Agency, Inc., to write certain insurance policies on his property. He was unable to pay the premiums at once and accordingly executed three notes to the order of the insurance agency, all dated December 15, 1931, and maturing at fixed dates during the year 1932.

The insurance agency became financially embarrassed in January, 1932. It was then not able to meet its obligations to various insurance companies which it represented. On January 27, 1932, it invited its insurance creditors to meet in Opelousas on February 7, 1932, to consider ways and means of continuing with the business and of deferring the payment of its indebtedness.

The meeting was held, and at it, it was concluded to appoint a trustee for the insurance agency's creditors. J. E. Buck, manager of the New Orleans office of the United States Fidelity & Guaranty Company, was selected as trustee of the creditors. The trustee then entered into a written agreement with the insurance agency by the terms of which, among other things, all of the bills, notes, and accounts were transferred to him as trustee. The three notes, sued upon, were among those transferred. The notes were then indorsed to Buck's order as trustee. The written agreement, appointing Buck as trustee, was ratified by the board of directors of the insurance agency at a meeting held on March 7, 1932.

The three notes sued on matured, but defendant failed to pay them. Plaintiff, in his capacity as trustee, brought the present suit upon them. To quote article 1 of his petition, plaintiff sues as follows:

"That your petitioner is the regularly appointed, qualified and acting trustee of various foreign insurance companies doing business in Louisiana in all that pertains to the business, affairs and agency contracts of the Opelousas Insurance Agency, Inc., a corporation organized under the laws of Louisiana and domiciled at Opelousas, Louisiana, with said insurance companies, and that it is in his capacity as trustee aforesaid that your petitioner appears herein."

This article of the petition caused defendant to file an exception, resting on the ground that nothing is contained in the petition showing plaintiff's authority as trustee, and besides the names of his principals are not disclosed. The exception also rests upon the ground that plaintiff sets out in articles 2 and 3' of his petition his entry into a trust agreement with the Opelousas Insurance Agency, Inc., in which it is alleged that the insurance agency assigned and transferred to plaintiff all of the notes receivable, including those here sued upon, but fails to state

whether the trust agreement or assignment is in writing or is verbal and fails to state its date.

The exception was overruled and defendant, with reservation of his rights, answered, admitting the execution and maturity of the notes, but claiming certain offsets against the notes.

The case was tried on the merits and judgment was rendered in favor of plaintiff for the full amount demanded, that is, the amount of the three notes, including interest and attorney's fees.

The case on its merits has not been discussed in this court in the briefs filed, although the merits come up as part of the appeal. The sole question presented is the correctness of the ruling of the trial judge on the exception of the capacity, or right, of plaintiff to sue in his own name as trustee, without setting out the names of the creditors for whom he is trustee, or without setting out his authority to sue.

Defendant treats plaintiff as claiming to be a mere agent for undisclosed principals, and rests his exception on article 320 of the Code of Practice. This article reads:

"The defendant may refuse to answer to the merits, if he has good ground for such refusal, as if the suit is brought by one pretending to act as attorney in fact of the plaintiff, and he fail to annex to the petition a copy of his power of attorney, or by a minor without being assisted by his tutor, or by a married woman without the authorization of her husband or of the court."

It does not admit of dispute that the trust agreement was reduced to writing and signed on February 16, 1932, and sets out the names of the various insurance companies, some thirty-odd in number, entering into the agreement. The agreement was produced during the course of the trial on the merits, and is in evidence, and apparently has been acted upon for over two years.

Article 320 of the Code of Practice relates to suits brought by one claiming to be an attorney in fact. A trustee is not an agent. He has no principal. Taylor v. Davis, 110 U. S. 330, 4 S. Ct. 147, 28 L. Ed. 163. In an ordinary agency the title to any property involved remains in the principal and the agent acts in the name of the principal, but in a trust, the legal title is in the trustee, and he acts in his own name. 2 C. J. p. 245, § 11.

The purpose that the representatives of the creditor insurance companies had in selecting a trustee was to place one person in charge of the business with authority to conduct it so as to place it on a profitable basis, and the manifest purpose of transferring the notes and accounts to the trustee was to enable him to sue on them in his own name and apply the proceeds to the payment of the creditors.

There is nothing in law objectionable to a contract so providing. It is true that the statutes of this state, save to a limited extent, as in wills, have not established the common-law trust, but here we have a contract, which contains nothing objectionable to the laws of this state, using words and terms, which to give them effect, in accordance with the clear intention of the contracting parties, must be interpreted in the light of the common law,

which the contracting parties evidently had in mind.

In the case of Smith v. Richland Compress & Warehouse Co., 153 La. 820, 823, 96 So. 668, 669, it was said: "Smith, having the legal title to the cotton in his name, could sue for his own account or for whom he pleased, and the putting of the title in his name was an implied authority to sue on account thereof. * * * "

█ The notes sued on having been assigned to and then endorsed to the order of plaintiff and delivered to him, plaintiff thereby acquired, as trustee, the legal title to the notes, and, as owner of the legal title, he had the capacity to sue upon them. The reference to the fact in his petition that he, as trustee, held the notes for certain unnamed insurance companies is pure surplusage. All that defendant may require is that when he pays the notes, the payment will discharge him. This will be the case here. Thus, in Peters v. Pacific Guano Co., 42 La. Ann. 690, 7 So. 790, 792, the note sued on was made payable to a firm of attorneys, who were plaintiffs in the suit. In the petition it was set forth that the note did not belong to the attorneys, but was held by them as trustee of another, and the court, in passing upon the authority of the attorneys to bring the suit, said:

"The transaction, however, was made in their own names, as attorneys, and the note taken was payable to their order. Of course, they had the right to sue on this note, here or elsewhere, in their own names, and they have done so; but, no doubt out of abundance of

caution, and in order that their gestion as trustees might appear of record, they made the quite unnecessary statement that the loan was of funds held by them as trustees of one Charles Foster and of the estate of W. H. Gardiner. * * * We think that, as the loan was made by them as attorneys, and the note given to them as such, they have full power to sue on it in that capacity, regardless of the principals whom they represent, which is no concern of defendant."

Plaintiff's capacity to sue on the notes is clear under section 51 and section 191 of Act No. 64 of 1904 (Negotiable Instruments Act). Section 51 reads: "The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." Section 191 says that the word " 'holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." The notes sued upon were indorsed by the insurance agency to the order of J. E. Buck, trustee, and were in his possession at the time suit was instituted. Therefore, plaintiff here fulfills all the requirements of the statute.

It must be held that plaintiff had the capacity to sue, and that the exception was properly overruled, and that the reference in plaintiff's petition to those whom he represents as trustee is purely surplusage.

Appellant having pointed out no errors on the merits, the judgment should be affirmed.

The judgment is affirmed on both the exception and the merits, and therefore in its entirety.