## HART v. MECHANICS & TRADERS INS. CO. OF HARTFORD, CONN.

## SAME v. BRITISH AMERICA ASSUR. CO.

## SAME v. NORTH BRITISH & MERCANTILE INS. CO., LIMITED.

### Nos. 416–418.

District Court, W. D. Louisiana,
Lake Charles Division.

June 22, 1942.

---

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, La., for plaintiffs.

Hawthorn, Stafford & Pitts, of Alexandria, La., and St. Clair Adams & Son, of New Orleans, La., for defendants.

DAWKINS, District Judge.

Plaintiff in the above cases sued in the state court upon insurance policies issued to the H. & P. Department Store, Inc. (hereafter called Department Store), covering merchandise in a building destroyed by fire at Leesville, Louisiana.

Hart alleged that he "is the duly appointed and sole Trustee of the H. & P. Department Store, Inc. under a contract of trust agreement", executed by said Department Store in his favor, by which he was "authorized to prosecute this suit and stand in judgment herein * * *". The Department Store also appeared as a party plaintiff "for the purpose of aiding and assisting the said Fred A. Hart, Trustee, in asserting, enforcing and establishing the liability of said" defendants under the policies.

All three cases were removed to this court on the ground of diverse citizenship, and since the pleadings and issues to be disposed of are identical, they will be considered in one opinion.

The defendants have filed exceptions as follows: (1) Motions to dismiss because the petitions fail to state claims "upon which relief can be granted"; and (2) prematurity, in that the insured through its officers has refused to submit to examination under oath according to provisions of the policies without being permitted to have a stenographer of its own appear and take the testimony, along with the one used by defendants.

Although the three policies are alleged to have been annexed, they do not appear in the files. However, in the arguments and briefs upon these exceptions, it appears to be conceded that the trust agreement was drawn under Act No. 81 of 1938 of the State legislature, whose title declares that its purpose is "to carry into effect". Section 16 of Article IV of the Constitution of the State. That provision of the Constitution is as follows: "No law shall be passed abolishing forced heirship or authorizing the creation of substitutions, fidei commissa, or trust estates; except that the Legislature may authorize the creation of trust estates for a period not exceeding ten years after the death of the donor; provided, that where a natural person is the direct beneficiary said period may be made to extend until ten years after his majority; and provided further, that this prohibition as to trust estates or fidei commissa shall not apply to donations strictly for educational, charitable or religious purposes."

Prior to the writing of this provision into the Constitution of 1921, the legislature had passed Act No. 107 of 1920, permitting the creation of common-law trusts

for a limited period. And while it was still in effect, the case of Buck v. Haas, 1934, 180 La. 188, 156 So. 217, was decided by the Supreme Court of this state enforcing a contract of trust by which certain insurance companies selected a common trustee to handle their interests in connection with the insolvency of the Opelousas Insurance Agency, Inc. In that case, it was held that such a trust was lawful, and further, that the suit was one upon promissory notes which had been indorsed over to the trustee, for which reasons the trustee had a standing in court and disclosed a cause of action upon the notes. However in another case which came before that court, the following year, by the same trustee upon an open account due the agency by the former president, a divided court of four to three (Chief Justice O'Neill, Justices Rogers and Odom dissenting) held that such a trust could not be created, the trustee had no standing to sue, and the petition disclosed no cause or right of action upon the account. In the meantime, however, the Act of 1920 had been repealed at one of the numerous extra sessions of the legislature held in the years 1934–35, and this fact was noted in the majority opinion, although rather forceful language was used in discussing common-law trusts by Justice Land. Buck v. Larcade, 183 La. 570, 164 So. 593.

■ Thereafter, the Act No. 81 of 1938 was passed, and was in effect when the present agreement was made. The situation is therefore substantially the same as when the decision by a unanimous court was written in the Buck v. Haas case, supra. The constitutional provision above quoted does not prohibit the creation of trusts, but limits them to a period of ten years "after the death of the donor". Of course, this section has reference primarily to donations, both inter vivos and mortis causa, and was intended to prohibit the creation of entailed estates or trusts for an indefinite period contrary to the principles of the Civil Code. On its face, it does not purport to deal with trusts such as are involved here, which are for the benefit of creditors of a debtor, and whose purpose is to facilitate the settlement of involved estates with as little difficulty as possible. However, until the restriction above quoted was placed in the Constitution of 1921, the civil law inhibitions were to be found in codal provisions and jurisprudence of

the State. There was nothing to prevent the legislature from changing it at any time.

■ The Supreme Court of the State in Buck v. Haas found that the Act of 1920, whose provisions were similar to those of Act No. 81 of 1938, were broad enough to cover a trust of the kind here involved, and what was said in Buck v. Larcade, can not apply, because as there pointed out, the earlier Act had been repealed. In any event, the corporation has been made party to this suit, and even if counsel's contention be correct, the consequences would be that the attempted formation of a trust was abortive and without legal effect so that the title to the property and assets would remain in the corporate entity. Sections 12 and 13 of Act No. 81 of 1938 are as follows:

"Section 12 (Invalid trusts and provisions.) An intended trust or a provision in the terms of a trust shall be invalid (a) if illegal; (b) if the performance of the trust or of the provision necessarily involves the commission of a criminal or tortious act by the trustee; (c) if the enforcement of the intended trust or provision would be against public policy; or (d) if created for an illegal consideration.

"Section 13 (Consequences of invalidity.) If a provision in the terms of the trust be invalid for any of the reasons stated in Section 12, or for any other reason, the intended trust shall fail altogether if, but only if, the invalid provision cannot be separated from the other provisions without defeating the purpose of the settlor in creating the trust."

### Exception of Prematurity

Counsel of neither side have been able to find any case dealing with or directly in point as to the right of the insured either to have taken by a stenographer of his own choosing the testimony given under the provisions of the policies involved in this suit or to require that he be furnished copy of the transcript by the insurer. It appears from the transcribed notes of the reporter furnished by defendants that when the examination of the officers of the insured was attempted. the latter brought their own reporter for the purpose of taking down the evidence. Thereupon, the attorneys for the insurance companies declined to go forward with the examination, assuming the position that they were entitled to conduct

the same for their own benefit, except that it was conceded the insured should be permitted to have its counsel present.

■ The purpose of such a provision in an insurance policy is to protect the insurer against fraud, by permitting it to probe into the circumstances of the loss, including an examination of the insured, or his agents. By such course, it is better able to determine its obligations and to protect itself against false claims. Claflin v. Commonwealth Fire Insurance Company, 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76. It has been held that while the insured may have his attorney present, the latter is not entitled to share in the examination. American Central Insurance Co. v. Simpson, 43 Ill.App. 98; Thomas v. Burlington Ins. Co., 47 Mo.App. 169; Liverpool & London & Globe Ins. Co. v. Cargill, 44 Okl. 735, 145 P. 1134; Humphrey v. National Fire Ins. Co., Tex.Com. App., 231 S.W. 750; McGraw v. Germania Fire Ins. Co., 54 Mich. 145, 19 N.W. 927. Where the examination is conducted "in private" the demand by the insured for a copy of the examination was upheld. See Thomas v. Burlington Ins. Co., supra; Gordon v. St. Paul Fire & Marine Ins. Co., 197 Mich. 226, 163 N.W. 956, L.R.A.1918E, 402.

Counsel for defendants argues that to permit the insured to have copy of his examination or that of his agent would rob the provision of its usefulness, in that he would be able to refresh his memory and avoid entrapment on cross-examination. However, the principal object of the examination is to permit the insurer to determine whether it will pay or contest the claim, and the answers or information given on such an examination can be used to impeach the witness, if his statements at the trial are conflicting. The same argument made here could readily be made in cases where after the suit had been started, the opposing parties attempted under the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to interrogate their adversaries. Yet, I do not understand that such persons could be denied access to such an examination. Furthermore under those rules, it appears that the old idea that facts or information in the possession of either side were the private property of the one possessing them, has given way to the principle that everyone can be made to "lay his cards on top of the table." See Rules 25, 26, 27 and 30.

■ The defendants may still avail themselves of the provisions of their policies, but, if the examination is made, there appears to be no substantial reason why the insured should not have a copy of this note of evidence.

The exceptions will be overruled.