**Linus J. MIER**

v.

**NIAGARA FIRE INSURANCE
COMPANY.**

**Civ. A. No. 8299.**

United States District Court
W. D. Louisiana,
Lafayette Division.

May 16, 1962.

Simon & Trice, J. Minos Simon, Lafayette, La., for plaintiff.

Bienvenu & Culver, P. A. Bienvenu, New Orleans, La., for defendant.

PUTNAM, District Judge.

This is an action on a Standard Fire Insurance Policy removed from the State Court because of diversity of citizenship.

In the early morning hours of February 23, 1961, complainant's home, insured by defendant, was totally destroyed by fire. Complainant sues on the policy for the loss of the dwelling, its contents, plus penalties and attorney fees. Defendant moves to dismiss on the ground that the action is premature in that complainant has failed to file a formal proof of loss or submit himself for an oral examination, all as required

in the terms of the statutory Louisiana Fire Insurance Policy. Plaintiff and defendant having submitted affidavits, the motion is treated as one for summary judgment. Our first question is whether there was compliance with the proof of loss clause of the policy, or whether compliance was excused. Secondly, we must determine if the insurer complied with the oral examination clause of the policy. The right of the insurer to obtain proof of loss and the oral examination of the insured are valuable rights forming a part of the Statutory Insurance contract,[1] and, supposedly, the insurer never would have entered into the contract had it lacked these clauses. The insurer has an absolute right to insist on their performance[2] and compliance or excuse from compliance must be found; otherwise the action, being premature, should be dismissed. Taubman v. Allied Fire Ins. Company of Utica, 160 F.2d 157, C.A. 4 (1947); Harris v. North British & Mercantile Ins. Co., Ltd., 30 F.2d 94, C.A. 5 (1929); Cornell & Wife v. Hope Ins. Co., 3 Mart. (N.S.) 223 (1825). Proof of loss and notice of loss are distinct. The object of the filing of proof of loss is to furnish the insurer with the particulars of the loss and all data necessary to determine its liability and the extent of that liability. Notice of loss acquaints the insurer with the occurrence of the loss. 45 C.J.S. Insurance § 1006. No formal proof of loss, on Proof of Loss forms, was ever submitted in this case; however, the requirement of formal proof of loss can be waived. Williston, Contracts, 3rd. Ed. Sec. 763. Here the agent representing defendant and who sold the policy was one of the first persons to view the fire. He discussed the fire with the complainant and his wife on several occasions. The defendant's adjuster was at the scene on the day of the fire. He also discussed the fire with the complainant on more than one occasion. A few days after the fire (February 28, 1961) the complainant, upon request, submitted to the defendant's representative a detailed inventory of all that was lost and its value. The company also obtained a formal notice of loss. Admittedly, the actions of the insurer's agents in investigating the fire cannot constitute waiver of proof of loss,[3] however, it appears from the affidavit of agent Domingue, that the respondent, by its actions and conduct, gave the insured substantial grounds for believing that no further action on his part was required.[4] Furthermore, in

1. LSA:R.S. 22:691.

2. "If one party to a contract insists it has not been performed, even if he be perverse and altogether unsupported by reason of law, the answer to his demand for performance could never be that by unreasonable exaction he had waived any right, but he could be answered only by showing *complete performance of the contract.*" (1881 La.) Gauche v. London & Lancashire Ins. Co., C.C., 10 F. 347, 350. Also, in *dealing with a statutory* insurance contract such as we have here the Court said in Buccola v. National Fire Ins. Co. of Hartford, Conn., 18 La. App. 353, 137 So. 346 (1931 Ct.App.La.) "No liberality of construction should be indulged in behalf of an insured and no rule of strict construction operates against the insurer. The policy must, therefore, be construed according to the principles of statutory construction, without any leaning toward one side or the other."

3. LSA:R.S. 22:651 "None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder: (1) Acknowledgment of the receipt of notice of loss or claim under the policy. (2) Furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or incompleted. (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim. Amended and reenacted Acts 1958, No. 125."

4. Last page of affidavit of Lester P. Domingue—" * * * C. A. Voorhies (Adjuster) advised affiant (Agent) that there was nothing further for him to do; that the matter was now going to be handled by the said C. A. Voorhies, inasmuch as he had received all the necessary information to process said claim."

**110**

this case the loss suffered was total, and total loss obviates the necessity for furnishing proof of loss, Westchester Fire Insurance Company of New York v. John Conlon Coal Company, 3 Cir., 1937, 92 F. 2d 160, Cert. denied 302 U.S. 751, 58 S. Ct. 271, 82 L.Ed. 581. The reason for this is that an insurer with notice of a total loss is automatically appraised of the extent of loss. For the foregoing reasons, it is the Court's opinion that the requirement of formal filing of proof of loss was waived by the insurer.

The purpose of the oral examination of the insured is to protect the insurer against fraud, by permitting it to probe into the circumstances of the loss, including an examination of the insured, or his agents. Hart v. Mechanics & Traders Insurance Co. of Hartford, 46 F.Supp. 166, D.C.,W.D., La. (1942). The State Fire Marshal examined the insured on March 15, 1961 regarding the fire.[5] At the time one, Price, representing an association of insurance companies also examined the insured. An examination of the insured by the State Fire Marshal admittedly does not satisfy the policy requirements;[6] however, where, as here, a party acting not for the State Fire Marshal, but rather on behalf of the insurer and, assisting the marshal in his investigation, examines the insured, then this amounts to an examination by the insurer. The benefits of Price's examination and investigation accrued to respondent, the results thereof being reported to it by the National Board of Fire Underwriters, by which Price was employed.

The first oral examination requested by respondent was on short notice, and Mier was unable to arrange to get time off from his work as State Trooper to attend. His failure to appear was not unreasonable, in fact, it might be said that the notice given him by respondent was not a reasonable notice. It was received by him on April 27, the time therefor being set for 1:30 p. m. on the next day. The foregoing facts were communicated to respondent by plaintiff's attorney on April 27, 1961. Thereafter, on May 3, an attempt was made to set up a further appointment to take a sworn statement from Mier on June 2, 1961. However, this request was refused by Mier's attorney, and suit was filed on May 11. We do not feel that the pertinent provisions of the Louisiana Insurance Code, (LSA:R.S. 22:691), are subject to such an interpretation as would require a plaintiff to delay filing of his suit until after a request for oral examination had been made and complied with, where, as here, the company clearly intended to resist the payment of the loss, and it had been investigated for possible arson by the State Fire Marshal. To so interpret the statute, we think, would place control of plaintiff's suit for the enforcement of his rights in the hands of the adverse party.

Since suit is now filed, respondent has the benefit of all of the discovery rules and practices of the Court to obtain examination of the respondent and of his wife if necessary. The motion to dismiss, then, should be and it is hereby denied.

5. * * * Further, affiant states that on 15th. day of March, 1961, affiant and his wife received a notice to appear before the Fire Marshal of the State of Louisiana at the Courthouse building in Lafayette, Louisiana, to be questioned concerning the occurrence of said fire and said Fire Marshal expressly requested that affiant and his wife appear before him without an attorney. Affiant and his said wife appeared in compliance therewith and there they were questioned at length principally by one Price, a representative of an association of insurance companies, generally known as the Underwriters Association, of which, according to affiant's information, Niagara Fire Ins. Co. is a member; that the said Price informed affiant that he was then acting as agent for Niagara Fire Ins. Co. in his interrogation of affiant and his wife; that before the commencement of said interrogation of affiant and his wife were administered an oath under penalty of perjury and thereafter did depose themselves as aforesaid * * * From affidavit of Linus J. Mier dated 12-1-61.

6. Appleman Insurance Law & Prac. Vol. 5 Sec. 3549.