,No. 3199

Second Circuit

———

STATE EX REL. GRUNER v. DREW, Judge

———

(February 1, 1928.    Opinion and Decree.)

———

(*Syllabus by the Court*)

1.   Louisiana   Digest—Appeal—Par.   191, 246, 379.

Under an order granting both a suspensive and a devolutive appeal, the appellant does not waive his right to perfect the suspensive appeal within the legal delays by perfecting first and separately the devolutive appeal.

On petition of State ex rel L. A. Gruner and wife for writs of prohibition, certiorari and mandamus directed to H. C. Drew, as judge, etc., and others, alternative writs of prohibition, certiorari and mandamus made peremptory.

STATEMENT OF THE CASE.

REYNOLDS, J.  On the petition of L. A. Gruner, and his wife, Mrs. Gladys Gruner, alternative writs of prohibition, certiorari and mandamus were issued by this Court directed to the Honorable H. C. Drew, as judge of the Twenty-Sixth Judicial District Court of Louisiana, in and for the parish of Webster, and A. H. Phillips, as sheriff of said parish, and C. D. Lites and J. A. Lites, as plaintiffs in a suit on the docket of said Court numbered 6124, wherein relators are defendants, prohibiting them, until the further orders of this Court, from proceeding with the execution of the judgment in said cause, ordering the record therein sent up to this Court for inspection, and them to show cause why the judgment of the District Court therein, on rule, ordering said sheriff to proceed with the execution of said judgment, should not be annulled.

Relators allege that on November 4, 1927, an order for executory process to issue in said cause was signed by said Judge and that notice to pay was served on them on November 5, 1927. That on November 8, 1927, orders of appeal, both suspensive and devolutive, were granted them, the bond for the devolutive appeal being fixed at $50.00 and that for the suspensive appeal according to law; that within the legal delays they executed and the clerk of the court approved and filed a bond for the devolutive appeal and thereafter and also within the legal delays they executed and the clerk approved and filed a bond for the suspensive appeal; that thereupon they were ruled to show cause why it should not be adjudged that their suspensive appeal had not been perfected and the sheriff ordered to proceed with the execution of the judgment and on hearing of the rule it was made absolute.

And they prayed for alternative writs of prohibition, certiorari and mandamus prohibiting respondents from proceeding with the execution of the judgment, annulling the judgment making the rule to show cause absolute, and ordering the record sent up for the inspection of the Court, and that after hearing the writ of prohibition be made peremptory and the judgment on the rule to show cause annulled.

Respondents answered admitting these allegations of the petition and alleged—

1. That the filing of the devolutive appeal bond as required by law divested the District Court of jurisdiction as to the granting of further orders or receiving further bonds and the case was then and there transferred to this Court.

2. That the filing of the devolutive appeal bond waived the right to file a suspensive appeal bond, and as the property was under seizure and advertised for sale the filing of the suspensive appeal bond could not affect the proceedings in execution of the judgment.

3. That there was only one order of appeal issued, that it called for a devolutive or suspensive appeal, that only one appeal could be taken thereunder, and that when the devolutive appeal was perfected the right to a devolutive appeal was lost and could only be regained by a new order therefor.

### OPINION.

We find in the record on appeal in the suit of C. D. Lites and J. A. Lites vs. L. A. Gruner and Mrs. Gladys Gruner, No. 6124 on the docket of the Twenty-sixth Judicial District Court of Louisiana in and for the parish of Webster and No. 3190 on the docket of this Court, the following order:

"In this cause, by reason of the law and the above petition and affidavit being in favor thereof, the appeals prayed for, *both devolutive and suspensive,* are granted, and bond for suspensive appeal according to law and devolutive in the sum of fifty ($50.00) dollars; appeal to be made returnable to the Honorable Court of Appeal holding sessions in Shreveport, Caddo parish, Louisiana, returnable Thursday, December 1st, 1927.

"Signed officially this November 8th, 1927.

"(Signed) H. C. DREW.

"26th District Court, Webster parish, Louisiana."

(Italics our.)

It appears, then, that relators were granted orders of appeal both suspensive and devolutive, and therefore the only question presented for our decision is whether relators by perfecting their devolutive appeal within the legal delays thereby waived the right to perfect their suspensive appeal.

This is an interesting question and one which we do not find has been directly adjudicated by our Supreme Court.

In the case of Legget & Brothers vs. Potter, 9 La. Ann. 309, it was said:

"The question presented is, whether (the case being appealable) plaintiffs were warranted in issuing execution until after the expiration of ten days from the notification of judgment? The act was manifestly irregular, unless by taking a devolutive appeal, defendant is to be regarded as having waived the delay. The object of the delay is, that the party against whom judgment has been rendered, may have time to consider whether or not he will take a suspensive appeal, and, in case he shall do so, to allow him a reasonable time to procure his security, and do such other acts as may be necessary. This reasonable time is ten days. It is for the benefit of the judgment debtor; but like any other privilege, may be waived; and this waiver, together with the waiver of a suspensive appeal, we think was virtually made, when defendant obtained his devolutive appeal."

This language, taken literally, might well be construed to mean that the perfecting of a devolutive appeal under an order granting both a devolutive and a suspensive appeal waives the right to perfect the suspensive appeal; but that question was not at issue in that case and we regard the language of the Court quoted as *obiter dicta* insofar as it affects the question at issue here. The question before the Court there was whether an execution issued upon a judgment within ten days after the judgment was rendered was prematurely issued.

The same is true of the case of Hatch vs. English, 12 Rob. 135, the syllabus in which reads as follows:

"Where a fi. fa. has been issued against a defendant before notice of judgment served on him as required by law, he may require that the fi. fa. be quashed, and a suspensive appeal allowed. But where he contents himself with taking a devolutive appeal only, he cannot afterwards complain."

We are of the opinion that relators were entitled to perfect their suspensive appeal within the legal delays notwithstanding they had already perfected their devolutive appeal and they having done so the judgment making absolute the rule to show cause why the sheriff should not be ordered to proceed with the execution of the judgment was erroneous.

It is therefore ordered, adjudged and decreed that the alternative writs of prohibition, certiorari and mandamus heretofore issued here be made peremptory.