## HAMILTON v. ANTOINE.
### No. 1391.

Court of Appeal of Louisiana.
First Circuit.

Dec. 4, 1934.

E. S. Muse, of St. Francisville, for appellant.

Charles J. Mundy, of New Orleans, for appellee.

LE BLANC, Judge.

On December 6, 1932, this court rendered judgment in favor of Myra Dillon Antoine, defendant in this suit, and against D. M. Hamilton, plaintiff herein, in the sum of $185, with legal interest from date of judicial demand which was November 9, 1931. 144 So. 614. Hamilton took no further steps in that suit, and on December 9, 1932 through his counsel, notified the plaintiff therein, by addressing a letter to her counsel in New Orleans, that he was ready to settle the judgment. The letter of counsel for Hamilton was an instruction to draw on him through the Bank of Commerce & Trust Company of St. Francisville, La., for the principal of the judgment and the $10.51 interest, and advising further that all costs would be taken care of by him. Counsel for Myra Dillon Antoine forwarded a draft as instructed, but included in the amount, besides the principal and interest, the following items: Advance costs of court paid the clerk, $10; stenographer's fees, $39.75; affidavits on petitions, 50 cents; and, costs paid clerk of the Court of Appeal, $5. These extra charges precipitated a controversy between counsel which resulted in counsel for Hamilton refusing to pay the draft, whereupon counsel for Myra Dillon Antoine instructed the clerk of court of West Feliciana parish to issue a writ of fieri facias against the judgment debtor, Hamilton. The writ issued, and, under it, the sum of $318.15 was demanded. This sum is made up of all items listed above exclusive of the amount of interest, and, in addition thereto, we find an item of $12.30 more costs, and $65.70 for fees of the jury that sat on the trial of the case. The judgment debtor was duly served with the notice of seizure under the writ, and the amount not having been paid to the sheriff, in due time, Hamilton's property was advertised for sale. The advertisement ran for several issues in the local paper, the sale being advertised for February 18, 1933. On February 4, 1933, counsel for Hamilton sent his check in the sum of $224.19 to the sheriff, claiming that that was all that was due under the judgment. On February 10, 1933, Hamilton instituted this suit for injunction against further seizure and advertisement of his property, coupled with a demand for damages in the sum of $600 against the seizing creditor, Myra Dillon Antoine.

The petition for injunction sets out in detail all of the matters herein mentioned, and

lists the damages claimed as follows: For injury to reputation and feelings, as well as vexation and annoyance, $450; expenses incurred in consulting attorney, $50; and, fees of attorney for obtaining injunction, $100. The petition would show that the seizure of plaintiff's property was made purely out of venom and malice, and that there was absolutely no necessity therefor, but it seems clear that the only ground on which an injunction could have been issued would have been that the writ demanded an amount in excess of that which was due under the judgment, as in fact it was shown to have been so issued under the judgment of the lower court which dissolved the preliminary writ that had been granted and refused plaintiff a permanent injunction. The judgment, of course, rejected the claim for damages. Plaintiff has appealed, and contends that the judgment is wrong in both particulars.

■ We find no evidence in the record to show that the defendant was actuated by any vindictive or spiteful motive in the execution of this judgment. The truth of the matter is that she appears to have had no knowledge whatever of what was taking place, the altercation having been between her counsel and counsel for Hamilton. Her counsel's contentions were reasonable, and he appears to have been sincere in his conviction that his client was entitled to recover all that he was demanding for her in full settlement of the judgment. It was only when he became thoroughly satisfied that his ideas and those of counsel on the other side could not be reconciled, that he instructed the clerk of court to issue fi. fa. on the judgment. The only basis, therefore, as we have already stated, on which an injunction against the seizure could be maintained, would be that execution issued for a larger amount than was actually due, and this brings into consideration the items on which there was a disagreement between counsel.

■ The first of these items is with regard to the fees of the stenographer. The defendant in execution, through her counsel, in the original suit, paid the stenographer's bill, as rendered, in full. As a matter of fact, the stenographer, whose services had been secured by the clerk of court, had required of counsel a cash deposit of $25 before the trial of the case. After transcribing his notes, the total bill charged by him was $39.75, making a balance of $14.75, which counsel also paid. The stenographer's bill was fixed at 75 cents per page of the transcribed testimony. The contention of counsel for plaintiff now is that under the law, he could only charge at the rate of 15 cents per hundred words, and, on that basis, his bill can only amount to the sum of $23.40. If counsel be correct, the writ is excessive on this item by the sum of $16.35. In the controversy between them, counsel for Myra Dillon Antoine took the position that, the stenographer's services having been furnished by the clerk of court, his fees became in effect costs of the clerk, and that, as the fees had been paid out by him, his client was entitled to recover them as such. Besides, he urged that such had been the customary charge in that district, and that fees had almost been invariably paid thereunder. These were not unreasonable contentions, even though they could not be supported under the statute which regulates stenographer's fees in this state. Act No. 64 of 1900. See, also, State ex rel. Rousseau v. Irby T. Baudoin, Clerk of Court, 2 La. App. 411. As proof of the fact that the charge was excessive by the amount stated, counsel for plaintiff herein testified that he personally had counted the words in the transcript. There is nothing to contradict this proof, and we have to hold therefore that, on this item, the writ issued for $16.35 more than was actually due.

■ The next item that is questioned is one with regard to the fees of the jurors who sat on the original suit. The clerk of court rendered a bill for $65.70, which included an item for mileage of each juror in addition to his per diem of $4. Counsel for Hamilton contends that the jurors were not entitled to mileage in this case, as the suit was tried during a regular criminal term of the district court, and that, under the law, there can be but one charge for mileage each way, for which the jurors who served in this case had been paid. The best proof that the seizing creditor was not actuated by any ulterior motive in making demand for the full amount of this item as it appears in the writ is found in the testimony of the clerk of court who made out the bill, and who testifies that she included the charge for mileage on the advice of an attorney whom she had consulted with reference thereto. The charge is nevertheless made in error, as the law is plain that jurors are only entitled one mileage charge each way (Revised Statutes, § 2128), and those who had served had been paid all that was coming to them. On this item also, then, there was an excess charge in the writ to the extent of $17.70.

■ There appears to have been an error of $1.10 in the bill of the clerk of court which

also has to be deducted, and there is also a charge of 50 cents for affidavits to petitions, which are not chargeable as costs.

The excess charges accounted for amount to $35.65. As against them, however, there was a bit more interest due than the judgment debtor paid to the debtor, and, besides, he owed the further sum of $7 for costs of advertisements. The amount of extra interest we fix at the sum of 75 cents, so that $7.75 will have to be taken from the gross amount of excessive charges, leaving the net at the sum of $27.90.

In the case of Guillory v. Latour, 138 La. 142, 70 So. 66, it was held that an injunction, issued on the ground that execution issued for an amount in excess of that authorized by the judgment, should be limited to the excess. We hold, therefore, that the lower court was in error in not granting the injunction, but, following the decision in the case cited, we also hold that it will have to be limited to the amount found to be excessive, to wit, the sum of $27.90.

With regard to the claim for damages, we decline, under the circumstances already shown, to assess any against this defendant. She acted on the advice of her counsel, who, as we have stated, seemed to have been honest in his belief that his client was entitled to recover all that he claimed for her under the judgment. Besides, plaintiff's course of action was certainly not pursued with any idea of minimizing, but, on the contrary, of preparing a claim for, the damages he claims. Moreover, the proof on all items claimed is of a most general nature, with the exception of that for attorney's fees, and, with regard to it, we note, under the decision of the Supreme Court in Fallin v. J. J. Stovall & Sons, 141 La. 220, 74 So. 911, 916, that it cannot be allowed. "As to the damages for attorney's fees," says the court, "such are not allowed when the plaintiff in injunction is the defendant in execution," which is the situation in this case.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, in so far as it dissolved the preliminary writ of injunction altogether, and it is now ordered that the said injunction be made permanent, but that it be limited to the excess amount that is sought to be collected under the writ of fieri facias issued herein, to wit, the sum of $27.90. In so far as the said judgment rejected the demand of the plaintiff for damages, it is ordered that the same be affirmed.

It is further ordered that all costs of this proceeding be paid by the defendant and appellee herein.