**JACKSON et al. v. KIRSCHMAN.** *

No. 16594.

Court of Appeal of Louisiana. Orleans.

April 19, 1937.

Johnston Armstrong, of New Orleans, for appellants.

Deutsch & Kerrigan & Burke and Lehman K. Preis, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an action in damages for the alleged illegal seizure of household furniture under a writ of fieri facias. Sam Jackson and his concubine, Sarah Griffin, one or the other, or both, bought from Morris Kirschman on February 3, 1934, an Atwater Kent radio for the sum of $53.90, agreeing to pay therefor at the rate of $1 per week. Jackson, who was employed by the Federal Government in the Public Works Administration, lost his job after paying $18 on account of the radio. In August, 1934, suit was brought by the Commercial Discount Company, Inc., against Sam Jackson and Sarah Griffin in solido, claiming $35.90 plus 8 per cent. interest from June 9, 1934, and $4.10 attorney's fees. Judgment was entered by default for plaintiff as prayed for, and a writ of fieri facias issued in October, 1935, though the judgment had

been signed on the 27th day of August, 1934. In the meanwhile, either Sarah Griffin or Sam Jackson had resumed payments and had reduced the amount due on the purchase price to $3.25, though the writ of seizure issued for the full amount due under the judgment. Sarah Griffin called the Kirschman establishment over the telephone and entered into a verbal agreement whereby the payments were to be continued, the keeper withdrawn, and the seizure released. In February, 1936, five months after the release of the first seizure, another writ of fieri facias was sued out in which the same amount, $35.90, plus interest, attorney's fees, and costs, was demanded and the contents of plaintiffs' residence removed to the constable's warehouse. Defendant contends that nothing had been paid in the interim between the first and second seizure, though it would appear from the receipts which were filed in evidence, that but $.50 was due on the purchase price in February, 1936, when the second seizure was effected. However that may be, it is admitted by defendant that no more than $11.86 was due including court costs and attorney's fees at the time either seizure was effected. It will be recalled that the writ of fieri facias was sued out by the Commercial Discount Company, Inc., on a judgment in its name. It was originally claimed that the defendant Kirschman was in no wise responsible for the actions of this corporation to whom it was said plaintiffs' account had been sold. The point was but feebly made and subsequently abandoned, as well it might have been because it clearly appears that the Commercial Discount Company, Inc., was defendant's alter ego. Its activity was entirely controlled by defendant, for whom it acted as collecting agent. Suit was brought, judgment obtained, and execution issued in its name, but all negotiations for the release of the seizure were conducted by Kirschman, to whom all payments on account of the judgment were made and by whom receipts were given. No officer or employee of the corporation testified in the case, nor were the names of any officers or employees mentioned in the record. If the seizure which was effected in the name of the corporation was illegal, defendant is responsible.

The question, therefore, is whether the seizure of plaintiffs' property was illegal. It is admitted to have been excessive, for while the amount mentioned in the writ is, with attorney's fees and costs, in the neighborhood of $50, the actual amount due, according to defendant, was less than $12. As a matter of fact, defendant, in his answer, admits that the entire principal had been paid when the seizure was issued, though the testimony of his employees is to the effect that $3.25 was due. At any rate, the seizure was excessive.

Defendant's counsel calls our attention to the case of Hamilton v. Antoine (La.App.) 157 So. 795, which he contends supports his argument to the effect that no damages can be allowed here because there is no proof of actual damages. In the case relied upon the seizure was enjoined, and it does not appear that the plaintiff in the injunction proceeding suffered any deprivation of his property as a result of the seizure. In the instant case, plaintiffs' household furniture, consisting of practically the entire contents of their dwelling, was removed to the constable's warehouse. Under such circumstances, damages are presumed to have been caused by the consequent inconvenience and humiliation. The humble home of plaintiffs should not have been invaded and their personal property removed without legal authority. Van Wren v. Flynn, 34 La.Ann. 1158; Luthy v. Philip Werlein Co., 163 La. 752, 112 So. 709; Perry v. Junius Hart Piano Company, Ltd., 10 Orleans App. 170; Washington v. Singer Sewing Machine Co., 10 Orleans App. 270; Greenlee v. Singer Sewing Machine Co., 10 Orleans App. 271; Lalonier v. Philip Werlein Co., Ltd., 13 Orleans App. 235 and Levy Lewis v. Abraham Burlgass (La.App.) 172 So. 807, decided March 8th, 1937 (not yet reported [in State Reports]). It is true that in each of the cited cases recourse was not had to legal process, the defendants having taken the law in their own hands. In the present case a judgment was obtained and a writ of fieri facias issued, but for an excessive amount. The proceeding can only be regarded as having legal sanction to the extent of the obligation due under the judgment. Having caused execution to issue for a much larger amount, it would appear that the situation is the same as in the cases we have cited where no resort was had to legal process. That plaintiffs have been damaged by a seizure for $50 when the writ should only have issued for $12 is, in view of their impecunious circumstances, obvious, for it might have been possible for them to obtain a release of the seizure for the smaller sum and quite beyond their resources to effect a release for the larger amount.

Our conclusion is that there is liability, but since no special damages are proven, a nominal award of $100 seems proper.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of the plaintiffs, Sam Jackson and Sarah Griffin, and against the defendant, Morris Kirschman, in the sum of $100, with legal interest from judicial demand and all costs.

Reversed.