### JACKSON et al. v. KIRSCHMAN.*
#### No. 16594.

Court of Appeal of Louisiana. Orleans.
June 14, 1937.

For former opinion, see 173 So. 562.

Johnston Armstrong, of New Orleans, for appellants.

Deutsch & Kerrigan & Burke and Lehmann K. Preis, all of New Orleans, for appellee.

McCALEB, Judge.

A rehearing was granted to the defendant in this matter because we entertained some doubt as to the correctness of our holding that a seizure of property for a larger amount than that actually due under a judgment is wrongful, and that, as a consequence, the seizing creditor is liable in damages to the judgment debtor. We also granted a rehearing to the plaintiffs with respect to their claim that our allowance of $100 damages was inadequate.

We have carefully re-examined the record in the case and believe it to be apt to restate the facts, which we find to be as follows:

On February 3, 1934, the plaintiffs purchased from the defendant a radio for the sum of $53.90 and executed their promissory note, which was identified with an act of sale and chattel mortgage on the radio, for the purchase price. The note was payable in installments of $1 per week and bore interest at the rate of 8 per cent. per annum from maturity and provided for attorney fees in the event it should become necessary to place it in the hands of a lawyer for collection.

Payments on account were made fairly regularly until the middle of June, 1934, at which time the plaintiff, Sam Jackson, lost his job with the Public Works Administration of the Federal Government. Nevertheless, on July 5, 1934, the sum of $1 was paid, and again on August 16, 1934, the sum of $2 was paid. These payments, together with the previous payments made by the

*Writ of certiorari refused July 8, 1937.

plaintiffs, amounted to a total of $20 and there was a balance due, as of August 16, 1934, of $33.90. Notwithstanding this, the defendant, acting through its alter ego, the Commercial Discount Company, Inc., a corporation designed for the purpose of collecting his delinquent accounts, brought suit in the First city court of New Orleans against the plaintiffs on the note, claiming a balance due of $35.90. The plaintiffs were duly served with citation and one of them, Sarah Griffin, immediately communicated with the defendant, through his agent, and inquired as to the reason why the suit was brought. She testifies that she was informed that the suit was a mistake and that she should continue the weekly payments provided for in the contract. On the other hand, the defendant's agent, Winn, states that he told Sarah Griffin that, while the defendant would accept payments on account of the purchase price of the radio, there was to be included in those payments the costs of court incurred by the Commercial Discount Company, Inc., and its attorney fees.

Plaintiffs failed to answer the suit of the Commercial Discount Company, Inc., and on August 27, 1934, judgment was taken against them by default for the sum of $35.90 with 8 per cent. per annum interest from June 8, 1934, until paid, plus $4.10 attorney fees and for all costs of the suit. On August 30, 1934, three days after the rendition of the judgment, the plaintiffs made a payment of $1, which was credited by defendant on account of the purchase price of the radio. This fact is revealed by a receipt book produced by plaintiffs at the trial below which shows that, on that date, the plaintiffs owed a balance of $32.90 on the account. The receipt card also exhibits that, from August 30, 1934, through January 26, 1935, the plaintiffs made payments on account amounting to $18, and that on January 26, 1935, there was a balance due of $14.90. In addition to this, the plaintiffs produced receipts issued by the defendant showing payments made from February 16, 1935, through September 14, 1935, amounting in total to $18.90. It therefore appears that the plaintiffs have paid over and above the purchase price of the radio, the sum of $4.

In the absence of a stipulation to the contrary, the payments made by the plaintiffs on account of the judgment would ordinarily be imputed, under R.C.C. art. 2164, to the interest on that obligation unless the creditor (defendant) consented that the instalments be applied to the reduction of the principal. It is unnecessary for us to determine whether the defendant, by crediting the partial payments against the principal, relinquished, by waiver, the interest decreed in his favor under the judgment because, irrespective of the manner in which the payments were imputed, it is obvious, from the facts of the case, that any balance due by the plaintiffs on the judgment was negligible.

Notwithstanding the fact that the principal amount of the judgment had been overpaid, the defendant caused, during the month of October, 1935, the issuance of a writ of a fieri facias, and seized the household furniture of the plaintiffs. This seizure was released and nothing more was done until February 13, 1936, when the defendant again seized the plaintiffs' furniture. The writs in both instances (in October, 1935, and in February, 1936) were issued for the sum of $35.90 plus interest and costs, yet the defendant knew, at that time, that this amount was not due and payable. When plaintiffs' property was seized on the second occasion, it was taken from their premises and hauled to the constable's warehouse.

■ Defendant concedes that the seizure was levied for an excessive amount. Nevertheless, he maintains that it was lawful because, according to his contention, there was $11.36 still due and payable under the judgment. His witnesses, Miller and Winn, both admit that, at the time execution issued on the judgment, there was only $11.36 due and that the writ was issued for the full amount of the judgment. Miller says that he ordered the clerk to issue the writ for $35.90. He later changes his testimony and says that he instructed the constable to accept the sum of $11.36 as payment in full. However, the plaintiffs produced the deputy constable who made the seizure and he testified as follows:

"Q. Did you tell Sarah Griffin that the amount due was $11.00? A. I didn't tell her nothing. I told her that I had instructions to place the seizure on it."

Under the circumstances of this case, we are of the opinion that the seizure of the plaintiffs' property was at least partially illegal, if not altogether null, and that the conduct of the defendant was wrongful and unjustified.

Counsel for the defendant rely upon the case of Hamilton v. Antoine, 157 So. 795, 797, decided by our brethren of the First

circuit. The seizure in that case was found to be for an excessive amount and the court refused to award the plaintiff damages, principally upon the ground that the defendant was not actuated by any vindictive or spiteful motive in the execution of the judgment. The court, nevertheless, sustained in part the injunction brought by the judgment debtor as to that portion of the seizure which was excessive in amount. It is evident, from the court's opinion, that the reason why it declined to assess damages was because the defendant was without knowledge of the amount for which execution issued and relied entirely upon the advice of her counsel in the matter; for, in rejecting the plaintiff's claim for damages, it observed:

"She acted on the advice of her counsel, who, as we have stated, seemed to have been honest in his belief that his client was entitled to recover all that he claimed for her under the judgment."

But, in the case at bar, the defendant did not consult with his counsel as to the amount which should have been demanded under the writ of fieri facias. On the contrary, his agent, Miller, instructed the constable to seize for the total amount of the judgment, well knowing that it was not due.

It is suggested that the plaintiffs have not been injured by the seizure inasmuch as they failed to tender to the constable the amount actually due under the judgment. But, under the method by which the partial payments were accepted by the defendant, it is not probable that the plaintiffs knew what balance, if any, was due and payable. As a matter of fact, it would be difficult for us to ascertain the balance due, as each partial payment would be imputed, first, to interest, and any amount in excess thereof credited against the principal. At all events, it is unreasonable to expect the plaintiffs, who were ignorant negroes, to be aware of the correct amount.

■ It is also said that, if the plaintiffs had any remedy with respect to the excessive amount of the seizure, it was by writ of injunction and that, having failed to pursue that course, they cannot now assert this action for damages. But in the case of Haas v. Buck et al., 182 La. 566, 162 So. 181, the Supreme Court held that the remedy by injunction, in cases of wrongful seizure, is not exclusive and does not deprive a plaintiff, who has been injured as a result of an unlawful seizure, of his cause of action for damages under article 2315 of the Code.

Defendant's counsel tell us that, as a practical matter, mistakes in the amount of writs of fieri facias occur with some frequency, either because of errors in calculation, misinterpretation of the law, or defects in communication, and that, if we maintain the conclusion reached in our original opinion, a judgment debtor will have an action in damages, even where the seizing creditor is in good faith. But this result does not necessarily follow, and our holding in this case is not to be construed as laying down a hard and fast rule, which will govern all cases where seizures are made for excessive sums. On the contrary we are of the opinion that each case must stand or fall upon its own particular facts and circumstances. We fully agree with the opinion of the court in Hamilton v. Antoine, supra, which shows that, in that particular case, the excessive seizure was due to an honest mistake on the part of the judgment creditor's counsel. However, the case before us, as we have above pointed out, is based upon a different set of facts and circumstances.

■ Counsel for the plaintiffs complains that the amount of damages awarded in this case by our original decree is inadequate. In the case of Lewis v. Burglass, 172 So. 807, we reviewed the jurisprudence of this state with respect to the quantum of damages allowed in cases of wrongful seizure and concluded that, where no special damages are proved, an award of $200 is proper. However, this case is not identical with the Lewis Case inasmuch as, there, the seizure was made without sanction of the court, whereas, here, it was done by legal process. The plaintiffs have proved no special damage and are not entitled to any more than nominal damages which we fixed at the sum of $100. We believe that this amount will fully compensate them for their inconvenience and embarrassment.

For the reasons stated herein and for those given in our former opinion, the original decree is reinstated and made final.

Original decree reinstated.